## HUDSON *v.* STATE OF INDIANA.

[No. 24,575. Filed November 16, 1926.]

1. INTOXICATING LIQUORS.—Possession of intoxicating liquor was not an offense under the act of 1923 (Acts 1923 p. 70, §1) amending §4 of the prohibition law of 1917. p. 424.

2. INTOXICATING LIQUORS.—Possession of intoxicating liquor with intent to sell was not made an offense by Acts 1923 p. 70, which amended §4 of the prohibition law of 1917. p. 424.

3. INTOXICATING LIQUORS.—Carrying liquor from room to room in a dwelling house or from the yard into a dwelling house does not constitute "transporting" intoxicating liquor within the meaning of the law. p. 425.

4. INTOXICATING LIQUORS.—To sustain a conviction for transporting intoxicating liquor found on defendant's premises, there must be some evidence of transportation from off the premises to or on the premises. p. 425.

5. INTOXICATING LIQUORS.—*Conviction of transporting liquor not sustained.*—Admissions by a defendant that she put liquor in a room of her house where it was found and that "somebody brought it there in a machine" would not sustain a conviction for transporting liquor, as, to do so, would require a presumption that some one other than the defendant brought the liquor there in a machine, which stopped off her premises, and a further presumption that defendant conveyed the liquor from the machine to her premises, which is not permissible in law. p. 425.

6. CRIMINAL LAW.—A presumption of fact cannot be based on another presumption of fact. p. 425.

7. CRIMINAL LAW.—An inference can only constitute proof when the facts upon which the inference is based have been established by direct evidence. p. 426.

From Marion Criminal Court (54,826); *James A. Collins,* Judge.

Lithe Hudson was convicted of transporting intoxicating liquor, and she appeals. *Reversed.*

*Arthur R. Robinson, Frank A. Symmes* and *Garth B. Melson,* for appellant.

*U. S. Lesh,* Attorney-General, for the State.

*William H. Remy* and *Byron K. Elliott,* Amici Curiae.

TRAVIS, J.—Appellant was charged, by count No. 2 of an affidavit, with having, on May 19, 1923, unlawfully manufactured, transported, possessed, and with possession of, intoxicating liquor with intent to sell, barter, exchange, give away, furnish and otherwise dispose of the same to persons to affiant unknown, contrary, etc. Acts 1923 p. 70.

The trial by the court resulted in a finding of guilty on count No. 2, which was followed by judgment of a fine and imprisonment.

Error is predicated upon the overruling of appellant's motion for a new trial, which alleged that the

finding of the court was not sustained by sufficient evidence, and was contrary to law.

It will be noted that the charge is for four separate violations of the statute: (1) Manufacture; (2) transportation; (3) possession, and (4) possession with intent to sell, etc.

There is no evidence whatever of manufacture of liquor of any kind or description in the record; the mere possession of intoxicating liquor is not an

1, 2. offense under the statute upon which this action is founded (Acts 1923 p. 70, §1; *Crabbs* v. *State* [1923], 193 Ind. 248, 139 N. E. 580; *Powell* v. *State* [1923], 193 Ind. 258, 139 N. E. 670) ; and it was not a criminal offense to possess or keep intoxicating liquor to sell, etc., under the law as it then existed. Acts 1923 p. 70, §1, *supra; Smith* v. *State* (1924), 194 Ind. 686, 144 N. E. 471.

By this process of elimination, the sole violation of law charged, which appellee claims is supported by the evidence, is that of transporting intoxicating liquor.

The police officers were the only witnesses who testified on behalf of the state, both of whom gave the same answers to similar questions which had any bearing upon transportation. Both officers went to the home of appellant on May 18, 1923, at No. 330 Osage street, in the city of Indianapolis, Marion county, Indiana, and searched it. They found "one pint of white mule whisky in a trap under a bed off of middle room." A roomer was sleeping in the room where the whisky was found. He told the officers that the whisky did not belong to him.

The only evidence in the case which relates to transporting liquor are the answers to three questions by the police officers: (1) "She said * * * I put it in there last night"; (2) "She said somebody brought

it there in a machine"; and (3) "She did not know who brought it there."

If this judgment is to be affirmed, the decision must rest upon inference from the evidence, and not by direct evidentiary facts. Following the rule in the recent case, *Hammell* v. *State* (1926), *ante* 45, 152 N. E: 161, a carrying of the liquor from room to room in the dwelling house, or from the house yard into the house, is not a transportation of the liquor within the thus defined legal meaning of the statute.

The sole question in the case, is the proof of the transporting of the intoxicating liquor, by inference of a fact based upon facts established by direct evidence. In order to sustain the finding in this case, of transporting intoxicating liquor, the fact must be in evidence that such transporting was from off the premises to or upon the premises of appellant by her. In the case last above cited, it was held that the evidence was insufficient to sustain the verdict of guilty, where the transportation was from a shed or small building upon the premises into the house, and the intoxicating liquor deposited in the third story of the house.

To sustain a conviction in the case at bar, there must be evidence of some quality sufficient to prove that appellant conveyed the liquor somewhere from off her premises to or on her premises. The best and only evidence in this case to convict her are her own admissions as testified to by the two police officers. There is no evidence to identify the place where the "machine" which brought the liquor to appellant stopped. It may have stopped in a public highway, of which there is no evidence, or it might have driven upon the lot where her dwelling house is located. The only avenue of reason to find that the "machine" which brought the liquor stopped away from appel-

lant's premises is, that this fact must be presumed as an inference from other facts established by direct evidence. Granting that it may be presumed that the "machine" which conveyed the liquor to her, stopped off her premises, the further fact must be presumed in order to support the finding of guilty, i. e., that appellant conveyed the liquor from the "machine" which was off her premises on to her premises. Such a presumption may not be indulged, for the reason that it is based upon the presumption that the intoxicating liquor was not conveyed upon her premises by someone other than herself and not by her direction. As will be seen, the fact upon which it is sought to base this presumption, viz., that appellant carried the liquor from the "machine" off her premises to and upon her premises and into the house, is itself but a presumption drawn from other facts in evidence, which is not permissible in law. A presumption of a fact cannot be based upon another presumption of fact. *United States* v. *Ross* (1876), 92 U. S. 281, 284, 23 L. Ed. 707; *Douglass* v. *Mitchell's Executor* (1860), 35 Pa. 440; *Globe Accident Ins. Co.* v. *Gerisch* (1896), 163 Ill. 625, 45 N. E. 563, 54 Am. St. 486; *Atchison, etc., R. Co.* v. *Baumgartner* (1906), 74 Kans. 148, 85 Pac. 822, 10 Ann. Cas. 1094; Lawson, Presumptive Evidence, Rule 118, p. 569; 2 Chamberlayne, Evidence §1029; Starkey, Evidence (10th Am. ed.) *p. 80; 10 R. C. L. (13) 870.

It is the well-established rule of evidence that the very foundation of indirect evidence is, that the facts upon which such indirect evidence is to be based 7. from which an inference is sought to be made, should be established by direct evidence, as if such facts were the very facts in issue. Starkey, Evidence, *supra*, *p. 80; *United States* v. *Ross, supra,* 284; *Wagner* v. *United States* (1925), 8 F. (2d) 581, 586.

It is clear that an inference based upon the presump-

tion that appellant conveyed liquor from off her premises to and on her premises, must be based upon the further presumption, first, that she moved or caused the liquor to be moved from the "machine" on to her premises, and second, that the "machine" itself did not convey the liquor upon her premises.

The finding of guilty by the court is not sustained by sufficient evidence, and the overruling of appellant's motion for a new trial was error.

Judgment reversed.