SMITH *v.* STATE OF INDIANA.

[No. 24,925. Filed December 14, 1928.]

*Walterhouse & Miller*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *George J. Muller*, Deputy Attorney-General, for the State.

TRAVIS, J.—Appellant was charged in a blanket affidavit, in the first count, with manufacturing intoxicating liquor, in the second count, with transporting intoxicating liquor, in the third count, with receiving intoxicating liquor from a common or other carrier, in the fourth count, with the sale, barter, exchange, gift or otherwise furnishing intoxicating liquor to a person unknown, and, in the fifth count, with maintaining a common nuisance, to wit: a room, house, building and place where intoxicating liquors were manufactured, sold, bartered, given away and delivered in violation of law, and where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage. The charge is that all the violations were committed on January 18, 1925.

All the evidence in the case was given by four police officers on behalf of the state.

On the day named in the affidavit as the date upon which the offense was committed, these four police officers went to the home of appellant, which was in the rear of 917 South Elm Street in the city of Muncie. This home was a room ten by eighteen feet and had in it a stove, a kitchen cabinet and some boxes. In a minute and a half or two minutes after one of the police officers knocked, appellant opened the door. The police officers entered, and while reading a search warrant there was a slight explosion in the stove. One of the police officers opened the door of the stove and there saw a bottle with the top blown off, lying on the coals. Parts of the bottle were taken from the stove. The police officers testified that on the parts of the bottle thus removed they were able to determine that the

bottle contained white whisky. Another bottle which contained a small amount of white whisky, was found in the kitchen cabinet, and also an empty whisky glass, which had the smell of intoxicating liquor, was found on the kitchen cabinet. One of the officers testified that on the day before, to wit: January 17, 1925, he saw a man by the name of Weaver in an intoxicated condition three blocks from appellant's home. Another officer testified that, on this same day, the day before the search, to wit: January 17, 1925, he saw the same man (Weaver) enter appellant's room, and, in about an hour, come out in an intoxicated condition.

After the introduction of this evidence and after the state had rested its case, appellant moved to dismiss each of the counts of the affidavit separately. The court sustained the motion as to the first three counts, and overruled it as to counts four and five. The jury returned a general verdict of guilty, and judgment was rendered upon the verdict.

Appellant's motion for a new trial for the reasons, that the evidence was insufficient to sustain the verdict, and that the verdict was contrary to law, and for the introduction of certain evidence over objection, and the refusal to strike out certain evidence, and for the refusal to give a requested instruction, and for the giving of certain other instructions over objection, was overruled.

The first question presented is, was the evidence sufficient to support the charge in count four, which was for the sale, barter, exchange, gift or other disposition of intoxicating liquor to a person unknown to the affiant who made the affidavit? There is no direct evidence of a sale, gift or other disposition of intoxicating liquor by appellant. No person is connected with appellant for a sale, gift or other disposition of intoxicating liquor except Weaver. To connect Weaver with the liquor found in the room of

appellant, it is necessary to infer that there was liquor in this same room on the day before when Weaver was seen to enter appellant's room, upon which inference another inference must be drawn, that the liquor so inferred to have been in the room on the day previous to the day of the search, was either sold, given to, bartered or otherwise furnished to Weaver. An essential element of an offense necessary in the proof of the offense and to sustain a verdict of guilty may not be proved by an inference which is founded solely and wholly upon another inference. *Hudson* v. *State* (1926), 198 Ind. 422, 154 N. E. 7; *Johnson* v. *State* (1927), 199 Ind. 73, 155 N. E. 196; *Fehlman* v. *State* (1928), 199 Ind. 746, 161 N. E. 8. The evidence is insufficient to support the verdict of guilty upon count four.

Was appellant guilty of maintaining a common nuisance, as charged in the affidavit? Without building inference upon inference, we may grant that a sale, gift or other disposition of intoxicating liquor was made to Weaver on January 17, 1925, the day before the search of appellant's room. No other sale, gift or disposition of intoxicating liquor to Weaver or any other person was proved or attempted to be proved by the evidence. One sale of intoxicating liquor is insufficient to sustain a verdict of guilty, since the words "maintain" and "maintaining" as used in the statute indicate continuous or concurrent acts. *Gavin* v. *State* (1927), 199 Ind. 38, 154 N. E. 872. The evidence is insufficient to sustain the verdict of guilty as to count five of the affidavit.

To reach a decision in this case, it is unnecessary to consider the questions in relation to the admission of evidence over objection, and the refusal of the court to strike out evidence, and the errors presented upon the refusal to give and the giving of certain instructions. The court erred in overruling appellant's motion for a

new trial. The case is remanded to the Delaware Circuit Court, with instructions to sustain appellant's motion for a new trial.

Judgment reversed.

Martin, C. J., concurs in conclusion.