Wayde M. MENEFEE, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 02S00–8605–CR–543.

Supreme Court of Indiana.

Nov. 6, 1987.

Barrie C. Tremper, Chief Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant Wayde M. Menefee brings this direct appeal challenging his January 30, 1986, convictions of burglary, a class B felony, and possession of stolen property, a class D felony, and his determination as a habitual offender. In the appeal, defendant contends that the evidence was insufficient and that the court erred in denying his motion to dismiss the habitual offender charge.

*Issue 1—Sufficiency*

Defendant contends that there was insufficient probative evidence to prove that he was present at, broke, or entered the structure; that he had the intent to commit any felony; that he had possession of stolen property; or that he had knowledge that the subject property was stolen.

In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

The evidence favorable to the verdict is that on October 3, 1985, the home of the victim was broken into and burglarized. The perpetrators took a safe, shotgun, briefcase, a pillowcase, and miscellaneous other items. The victim's stepson, on his way to the victim's house to pick up a baby seat from the garage, observed defendant and his accomplice, Robert E. Holocher (Holocher) in an aqua-green 1966 Buick at 11:35 a.m. While at the house the stepson did not notice any tire tracks in the yard. He left the house and again saw the same car in the vicinity at 11:45 a.m. Shortly thereafter, about 12:37 p.m., Detective Foote of the Allen County Police Department was cruising the area when he observed defendant and Holocher driving the 1966 Buick. Detective Foote recognized both men and began following them since he was aware of outstanding traffic warrants on Holocher. The officer also observed a rag over the license plate. The Buick was owned by Holocher who had placed the rag over the license plate to elude police. As Detective Foote began to follow the car, defendant turned and looked at him, whereupon Holocher drove faster and pulled into a cul-da-sac area and stopped at a house. Holocher jumped from the car and approached Norman Smith, a remodeling contractor at the house. Smith

observed Holocher nervously asking directions. During this time, defendant exited the car and ran through a wooded area. Detective Foote pulled his car in behind the Buick and arrested Holocher. Other officers in the area began cruising the area looking for the defendant. Meanwhile defendant approached a home and requested use of the phone, explaining that his car had gone into a creek. The female occupant of the house consented, but as defendant seemed to stay too long and, because of police cars in the area, she signalled one of the officers and informed him a man was in her house. The officers then apprehended defendant. Defendant was not wearing a shirt or shoes. His shirt and shoes were later found in the wooded area he had crossed. While defendant was being arrested, Detective Foote and Smith observed the safe, shotgun, a briefcase, and miscellaneous items in the 1966 Buick. Papers in the briefcase bore the victim's name. The victim was contacted and later identified the items as belonging to him and taken from his home without his consent. The officers also found two pair of gloves in the car, tire tracks in the front yard of the victim's home, the back door kicked in, and a chrome automobile ashtray in the victim's yard. There were no identifiable fingerprints at the victim's home or on the stolen items. The ashtray fit the ashtray holder in the backseat of the 1966 Buick, which was missing an ashtray.

 Defendant correctly asserts that mere presence at the scene of the crime, with nothing more, is insufficient evidence to sustain a conviction for participation in the crime. *McGill v. State* (1969), 252 Ind. 293, 299, 247 N.E.2d 514, 518. However, presence at the scene in connection with other circumstances tending to show participation in the crime may be sufficient to sustain a conviction. *Id.* at 300, 247 N.E.2d at 518; *Dorton v. State* (1981), Ind., 419 N.E.2d 1289. Subsequent flight may also be considered as circumstantial evidence of guilt. *Frith v. State* (1975), 263 Ind. 100, 325 N.E.2d 186; *Manna v. State* (1982), Ind., 440 N.E.2d 473.

 A conviction may rest upon circumstantial evidence, and the unexplained possession of recently stolen property is regarded as providing substantial support for a burglary conviction. *Eaton v. State* (1980), 274 Ind. 73, 76, 408 N.E.2d 1281, 1283; *Goodpaster v. State* (1980), 273 Ind. 170, 402 N.E.2d 1239.

 Defendant argues that he was not in personal possession of any of the stolen items when he was arrested and that the State did not prove that he knew the items were stolen. In order for possession to be actual and personal, the stolen goods need not be in the arms of the accused. If they are in a place under his control, that is sufficient. *Gilley v. State* (1949), 227 Ind. 701, 706, 88 N.E.2d 759. Here, the owner of the automobile was in the car with the stolen goods, the defendant was in the automobile with the stolen property, some of which were located at his feet, and the two had been together for a substantial amount of time during which the burglary occurred. The possession was sufficiently actual and personal as to meet the requirements of the rule which permits a reasonable inference of guilt to be drawn from the possession of recently stolen property. We further note that a person who aids another person in committing an offense, is guilty of the offense as if he were the principal. Ind.Code § 35–41–2–4; *Dennis v. State* (1986), Ind., 498 N.E.2d 1209; *Byrer v. State* (1981), Ind.App., 423 N.E.2d 704.

We conclude that the evidence presented to the jury, along with reasonable inferences thereon, could properly enable a reasonable trier of fact to conclude that defendant was guilty of each charge beyond a reasonable doubt.

### Issue 2—Motion to Dismiss Habitual Offender Charge

Defendant next contends that the trial court erred in denying his motion to dismiss the habitual offender count for the reason that defendant was not arraigned nor advised of the charge pending against him.

■ Indiana law requires that a defendant be arraigned on all charges including a habitual offender charge. *Lawrence v. State* (1972), 259 Ind. 306, 286 N.E.2d 830. In *Griffin v. State* (1982), Ind., 439 N.E.2d 160, (*modified on other grounds, Bailey v. State* (1985), Ind., 472 N.E.2d 1260), we affirmed the *Lawrence* holding, and its progeny, that the allegations of habitual criminal must contain all of the procedural matters and safeguards of the original and underlying charges in that they are brought by sworn affidavit contained in an information and endorsed by the prosecuting attorney, setting out the facts sufficient and adequate for the defendant to defend himself and giving the defendant an opportunity to plead to such allegations. Habitual offender allegations must be charged in the same manner as a criminal offense. *Sears v. State* (1983), Ind., 456 N.E.2d 390.

■ However, when a defendant proceeds to trial and fails to object to the fact that he has not been formally arraigned on a separate habitual offender charge, he waives the right to arraignment. *Northern v. State* (1986), Ind., 489 N.E.2d 520; *Radford v. State* (1984), Ind., 468 N.E.2d 219.

■ The informations charging defendant with burglary and possession of stolen property were filed October 8, 1985. The habitual offender count was filed October 31, 1985, and trial commenced December 30, 1985, without defendant having been arraigned on the habitual offender information. The jury guilty verdicts for burglary and possession of stolen property were returned December 30, 1985, at which time the proceedings were recessed and the jury was instructed to return the following day for the purpose of determining whether or not the defendant is a habitual offender. When court resumed the next day, defense counsel orally moved to dismiss the habitual offender count "on the basis that defendant was not timely served with a copy of the habitual offender information," alleging that he had only received a copy of the face side of the information the previous day, which excluded the reverse side upon which the names of witnesses were endorsed. Defendant's motion to dismiss at trial did not refer to or complain of any lack of arraignment.

■ Similarly, we are not persuaded that defendant's alleged lack of receipt of a copy of the habitual offender count operated to deny him knowledge of the charges or opportunity to defend himself thereon. Defendant was represented by counsel at the time the habitual offender count was filed. From that time through the setting and commencement of the bifurcated trial, the record fails to evidence any objection or surprise of defendant regarding the existence of habitual offender charges. Similarly, at the conclusion of the first phase of the trial, defendant did not manifest surprise or make objection when the jury was informed of the habitual offender proceeding to follow. We find it significant that at no time during the trial proceedings or in his brief to this Court does defendant allege lack of actual knowledge of the pendency of the habitual offender charge. He complains only that he failed to timely receive a copy thereof. Even if lacking actual knowledge, however, defendant's trial counsel had constructive knowledge of the habitual offender count from the time approximately two months before trial began.

Defendant has not demonstrated reversible error on this issue. Judgment affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.