William FRENCH, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8605–CR–544.

Supreme Court of Indiana.

April 13, 1988.

Steven C. Litz, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal of a robbery conviction. Appellant received a sentence of twenty years. He raises three issues for review: (1) whether his right to a speedy trial was denied; (2) whether the trial court erred in continuing the remainder of the trial to a date when lead counsel could not be present; and (3) whether there was sufficient evidence to support the verdict.

## I.

Appellant asserts that he was denied his right to a speedy trial. He moved for a speedy trial on April 16, 1985, and was not brought to trial until November 25, 1985. He claims that the delay was not attributable to him, that it was impermissible, and that he should have been discharged as a result.

■ The trial court originally scheduled the trial for June 13, 1985, well within the 70 day limitation imposed by Indiana Rules of Criminal Procedure, Rule 4(B)(1). However, on June 5, 1985, the court, on its own motion and over appellant's objection, continued the trial until July 15, 1985, due to a congested calendar. Appellant urges that the court could not properly continue the case absent a motion filed by the prosecutor to the effect the State was not responsible for the delay. However, a trial judge may properly continue a case on its own motion, beyond the limitations of Rule 4, and without any input from the prosecutor. *Gill v. State* (1977), 267 Ind. 160, 368 N.E. 2d 1159. *Harris v. State* (1971), 256 Ind. 464, 269 N.E.2d 537. The trial court did not err in rescheduling the case for July 15, 1985, due to congestion of the calendar.

On July 15, 1985, both sides appeared for trial before special judge Robinette. He indicated his desire to complete the trial in one day. Appellant's counsel objected as he had prepared for a two day trial and had subpoenaed his witnesses to appear on the following day, July 16, 1985. He requested a brief continuance in order to reissue subpoenas for his witnesses, which was denied. He then objected to special judge Robinette hearing the case and the case was rescheduled for October 31, 1985, the earliest "first choice" setting available. Appellant then objected to the lengthy delay in rescheduling the case.

■ The argument presented is essentially that had the court given appellant the opportunity to reissue subpoenas on July 15, 1985, it would have been unnecessary for him to object to the special judge trying the case and that therefore the continuance of the trial from that date should not be attributable to the defense. However, regardless of whatever motivated appellant to object to the sitting of the special judge, it was that objection which resulted in the July 15, 1985 trial being continued and for this reason appellant cannot complain of the delay. While he asserts that he would have been forced to proceed to trial without his defense witnesses had he not objected to the special judge, the propriety of the special judge's insistence that the trial be completed in one day is not before us for review.

■ On July 25, 1985, appellant filed a motion to dismiss alleging misconduct on the part of the judge and prosecutor, resulting in the presiding judge disqualifying himself. Due to the disqualification, the case was assigned to another judge, who also disqualified himself, and the case was eventually assigned to Judge Barney who qualified as special judge on September 16, 1985. This delay was entirely attributable to appellant.

■ At a pre-trial hearing on September 18, 1985, the court set for hearing, on October 4, 1985, appellant's motion for discharge and dismissal. On September 24, 1985, the October 4 hearing date was reset for September 27, 1985. On that date the hearing was continued until September 30, 1985, on the State's motion and over appellant's objection. At the September 30, 1985 hearing on appellant's motion for discharge and dismissal the court found that the delays were caused by appellant and denied his motion. The court then set the case for trial on October 7, 1985, and for every Monday and Thursday thereafter until the case was tried. Appellant, through requests for removal from the calendar, continuances or conflicts, was responsible for the case not being tried on October 7, October 10, October 17, October 21 and October 28. On October 21, 1985, the State requested the case not be tried until after November 11, 1985, as their investigating officer would be on his honeymoon until November 4, 1985. The trial court set the case for trial on November 7, 1985. A continuance was had on that date due to the unavailability of Judge Barney and the case was rescheduled for November 25, 1985, over appellant's objection to the delay. Of the nine trial settings available before Judge Barney's absence and the resulting rescheduling, appellant was directly responsible for continuing four of those settings. He also successfully requested removal from the calendar of one other trial setting. The prosecutor was only responsible for three missed opportunities, all

following the delays occasioned by appellant and due to the absence of a necessary witness. The record is silent as to the reason the case did not go forth on October 14, 1985. Appellant's continuances, from dates on which the prosecution and court were willing and able to proceed with trial, greatly contributed to the delay in his case being heard.

While a delay of this length between a speedy trial request and actual trial seems extreme, appellant was significantly responsible for the majority of the delay. It was not error for the court to refuse discharge and dismissal of the case. The trial by jury, starting on November 25, 1985, did not violate appellant's speedy trial rights and was not adverse to Rule 4 of the Indiana Rules of Criminal Procedure.

## II.

Trial commenced on Monday, November 25, 1985. On Wednesday of that week, the day before Thanksgiving, Juror # 3 asked to be excused. The jury had been led to believe that the trial would be concluded Tuesday. Juror # 3 was responsible for writing payroll checks due that day. The court held that Juror # 3 would be permitted to leave by noon on Wednesday so that he could prepare the payroll checks. The court informed counsel that the trial could proceed that afternoon if they agreed to the seating of the alternate, Juror # 13, and was apparently under the belief that consent of the parties was required in order to seat an alternate juror. He also informed counsel that he would not require the jury to return on Friday, the day after Thanksgiving, should an additional trial day be necessary. The prosecutor had no objection to the seating of the alternate juror. Appellant's lead counsel did object to the substitution but indicated his dilemma in that he was leaving the state on Saturday and would not be available if the case resumed on the following Monday, December 2, 1985. Judge Barney then set the trial to resume on December 11, 1985, so that lead counsel could be present. The prosecutor objected to the delay, arguing that it would result in too great a time period between the jury hearing the State's

evidence and their deliberation. Defense counsel then indicated that his client would prefer proceeding that day with the alternate juror rather than conclude the trial without his lead counsel. Appellant then indicated the same to the judge. Defense counsel then asked appellant if he thought he had any choice about seating the alternate juror at that time and appellant answered "No I don't." The trial judge then announced: "Mr. Stanton you are not going to have it both ways. Call the jury in. We are going to be here Monday at 0900."

■ Initially it must be noted that the seating of an alternate juror does not require consent of the parties. Once the trial court makes the determination, on neutral grounds that a regular juror should be excused, it is proper to seat the alternate regardless of whether or not one side objects. An alternate juror is equally capable of fulfilling the task at hand. The alternate is selected in the same manner and is qualified by the same process as the other jurors and the seating of an alternate is not error. *Whitehead v. State* (1986), Ind., 500 N.E.2d 149. Therefore, the trial court's hesitation to proceed with the alternate juror absent appellant's consent was misplaced. The judge considered and then rejected appellant's request to continue the remainder of the case until December 11, 1985, some 14 days later. He elected to proceed with the case on the following Monday, December 2, 1985. Appellant's lead counsel, Nile Stanton, was out of the state and one of his associates, who had assisted throughout, completed the trial. In view of appellant's albeit reluctant agreement to proceed with the alternate juror, it appears rather harsh for the judge to have scheduled the remainder of the case on a date when appellant's lead counsel could not be present. However, on December 2, 1985, appellant did not object to proceeding without his lead counsel. He also does not argue on appeal that Mr. Stanton's associate erred or was ineffective in any way during his completion of appellant's defense. Given the failure to object on December 2, 1985 to proceeding without lead counsel, and the failure to assert any

prejudice to the defense as a result of his absence, any error on the part of the trial judge does not amount to reversible error.

### III.

Appellant asserts that there was insufficient evidence of his identity as perpetrator of the offense to support his conviction. In determining the sufficiency of the evidence, we will neither reweigh the evidence nor judge the credibility of the witnesses. Rather, we will look to the evidence most favorable to the verdict and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the verdict, it will not be disturbed. *Bowen v. State* (1985), Ind., 478 N.E.2d 44.

The robbery in the laundromat occurred on January 27, 1985 around 3:00 p.m.. Betty Grant was the attendant working at the time of the robbery and identified appellant as the perpetrator in a subsequent photo array and line-up. Lauren Peterson was a customer in the laundromat at the time of the robbery. She was acquainted with appellant and identified him as the perpetrator. She identified him in a photo array but did not identify him in a line-up. Appellant points out discrepancies in both witnesses' testimony and between their description of the robber and appellant's appearance. However, these discrepancies were placed before the jury and go to the weight, rather than the sufficiency, of the evidence of identification.

The conviction is affirmed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.