**Harvey BALLARD, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 49S00–8802–CR–277.**

Supreme Court of Indiana.

May 5, 1989.

Howard Howe, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. and Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of the crime of Robbery, a Class B felony, for which he received a sentence of fifteen (15) years. He also was found guilty of Confinement, a Class B felony, for which he received a sentence of fifteen (15) years, the sentences to run concurrently.

The facts are: On January 12, 1987, around midnight, two men entered the Village Pantry store located at 1937 East Prospect Street in Indianapolis. One of the men purchased a package of chewing gum. They looked around the store and then left. A few minutes later the same two men reappeared. One of them stayed by the door, the other one approached the counter and drew a pistol and pointed it at Verna Weaver, the cashier. He then ordered Weaver to open the cash register. The man with the gun, later identified as Anthony Ballard, brother to appellant, removed money from the cash register, which triggered a security camera. The camera took twenty-one photographs of Anthony Ballard. However, appellant does not appear in any of the pictures.

Shortly after the robbery, Weaver picked two photographs from a book of individuals at the police station; neither of these photographs, however, depicted Anthony Ballard or appellant. Later, after viewing the photographs taken by the security camera and viewing two other photographic arrays at the police station, Weaver picked Anthony Ballard's photograph from the first array and appellant's photograph from the second array. In court, Weaver identified Anthony Ballard as the gunman who removed the money from the cash register and appellant as the person who had entered the store with Anthony Ballard, left, then returned and stood by the door as Anthony Ballard took the money from the cash register, placed it in a bag, and handed it to appellant.

Appellant claims the verdict is not supported by sufficient evidence. He largely bases this upon the fact that Weaver at first selected photographs at the police station which were not pictures of himself or his brother. He thus reasons that her later identification is too suspect to support the verdict.

These discrepancies in identification were placed before the jury for their consideration. This Court will not invade the province of the jury to redetermine the credibility of Weaver's testimony. *French v. State* (1988), Ind., 521 N.E.2d 346; *Moore v. State* (1987), Ind., 515 N.E.2d 1099. In addition to Weaver's testimony, the jury

had before it the photographs taken by the security camera. We hold there is ample evidence in this record to support the verdict of the jury.

Appellant claims the trial court erred in the denial of his motion to suppress identification evidence. He bases his contention upon the fact that Weaver did not identify appellant and his brother until nineteen days after the robbery and that such identification was made after she first had made erroneous identification.

The photographic array from which Weaver made her identification was presented in court; the trial court, however, ruled that it was not acceptable to place in evidence. Because the attempt by the State to disguise the fact the photographs were mug shots was not adequate, they could not be displayed to the jury.

■■■　Appellant takes the position that because the photographic array was not presentable to a jury, it was therefore not presentable to Weaver for identification. This of course is incorrect. We first would observe that although appellant moved to suppress Weaver's testimony as to identification, he did not object to Weaver's testimony at the time it was offered. Thus, the question was waived. *Lee v. State* (1988), Ind., 519 N.E.2d 146. However, we observe that even had appellant made such an objection, it would have been to no avail. The fact that the photographs Weaver observed at police headquarters were mug shots is of no consequence. The fact that she had previously made misidentifications and nineteen days later identified appellant and his brother from photographic arrays goes to the weight of her testimony, not its admissibility, and was properly presented to the jury for that purpose. We see no error in the trial court's overruling of appellant's motion to suppress.

■■■　Appellant contends the trial court erred in the denial of his Tendered Instructions 1 through 5. In his Instructions 1 through 3, appellant would have instructed the jury that they should consider the liability of each defendant separately. Although appellant's Instructions 1 through 3 are more lengthy than the court's instructions, the court did in fact give a correct

instruction that although the defendants were being tried together, they were charged separately and "each defendant is to receive separate consideration as to each count."

As to appellant's Tendered Instruction 4, he would have instructed the jury concerning the witnesses' identification evidence. Here again the trial court gave an instruction which told the jury of their duty in determining the credibility of witnesses. This Court has held that a general credibility of witness instruction is sufficient to cover the question of identification by an eyewitness. *Henley v. State* (1988), Ind., 519 N.E.2d 525.

■■■　Appellant's Tendered Instruction No. 5 would have instructed the jury of the nature of evidence required to convict an individual as an accessory to the principal actor in the commission of a crime. Appellant takes the position that the evidence at most merely shows his presence and not his participation. This Court noted in *Menefee v. State* (1987), Ind., 514 N.E.2d 1057 that it is true that mere presence at the scene of a crime is insufficient for conviction. The Court went on to say:

"However, presence at the scene in connection with other circumstances tending to show participation in the crime may be sufficient to sustain a conviction." *Id.* at 1059.

The evidence in the case at bar does not justify appellant's Tendered Instruction 5. Appellant was not being charged as an accessory either before or after the fact of the crime. He was being charged as a participant in the crime.

As this Court further stated in *Menefee:*

"We further note that a person who aids another person in committing an offense, is guilty of the offense as if he were the principal." *Id.* at 1059.

It was not error for the trial court to refuse appellant's Instruction No. 5.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.