**Robert WATKINS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 45S00–8710–CR–981.**

Supreme Court of Indiana.

March 27, 1990.

Scott L. King, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

A jury found appellant to be guilty of robbery, a class B felony, I.C. 35–42–5–1, and he was sentenced to twelve years of imprisonment. In this direct appeal, appellant challenges the sufficiency of the evidence supporting his conviction.

The standard for reviewing sufficiency of the evidence claims is well settled. This Court will not reweigh the evidence nor judge the credibility of the witnesses. Instead, we look to the evidence most favorable to the verdict and to all the reasonable inferences to be drawn therefrom. The conviction will be affirmed if, from that viewpoint, there is evidence of probative value from which a reasonable trier of fact could infer guilt beyond a reasonable doubt. *James v. State* (1976), 265 Ind. 384, 354 N.E.2d 236. The evidence produced at trial which tended to support the verdict shows that at approximately 2:00 p.m. on June 19, 1987, seventy-three-year-old Alyce Cieslinski was approached by two men as she worked on the front porch of her home in Gary. One of the men told her that they did construction work and offered their help, which she refused. As the other man opened the door, the speaker grabbed Cieslinski, put one hand over her mouth, dragged her into the house and pushed her to a kneeling position on the floor. He then pulled a knife and demanded money.

Cieslinski led the two men to her bedroom and produced money from her purse and from various drawers of a dresser. They then proceeded to the basement, and Cieslinski's hands were tied behind her back with the cord from a venetian blind. They allowed her to sit with her back to them, and she heard them going through the drawers of a workbench. They went upstairs and and she heard noises which sounded as if things were being pushed off shelves and being dropped to the floor. The men returned to the basement, demanded more money, and the three went back to the bedroom, where Cieslinski indicated that there was more cash in an unopened drawer of the dresser. The man with the knife then ordered Cieslinski to lie on the bed. The men left the room, and again Cieslinski could hear them moving around in other parts of the house.

Cieslinski's keys had been on the dresser, and the man with the knife ascertained from her which was the key to the garage. The unarmed man came back into the bedroom briefly, exited, then returned and tied Cieslinski's feet with a cord from her bathroom on which she hung stockings and lingerie to dry. After he left the room, Cieslinski waited until she was sure they were gone, then worked the binds from her feet and hands and called the Gary police. Later that night, Cieslinski picked appellant and his co-defendant out of a police line-up as being the men who had robbed her. At trial, however, Cieslinski equivocated, testifying on cross-examination that she could not definitely identify either of the defendants.

Jawanda Jenkins, Cieslinski's neighbor, testified that at about 3:30 p.m. on July 19, she was looking out her kitchen window as she stood at her sink washing dishes. She saw two men, one in a yellow shirt and brown pants and one in a black T-shirt and jeans, standing on Cieslinski's porch, then she saw them go into the house. She went out onto her own porch and sat down to watch. Ten or fifteen minutes later, they came out. One got into Cieslinski's car, a 1963 beige Ford which was parked in the garage, and started and shut off the car, then both returned to the house. Another ten or fifteen minutes passed, and Jenkins saw the men again emerge from the house, the one in the yellow shirt carrying plastic grocery bags. The bags were put into the trunk of the car, then both men got into the car and they drove away. Jenkins iden-

tified appellant and his co-defendant as the two men she saw at Cieslinski's house at a police line-up conducted that same night. She also positively identified both men at the trial.

Officer Toth of the Merrillville Police Department testified that he pulled over a 1963 beige Ford carrying two male occupants at about 5:30 p.m. on July 19 pursuant to a radio call to watch for such a vehicle, which had been reported stolen. The two men in the car were later identified as appellant and his co-defendant. Officer Troxel of the Gary Police Department testified that at the time of his arrest, appellant was wearing a yellow shirt and brown pants and that a .22 caliber handgun was found on appellant's person, along with a lady's watch, a crucifix, and $179.00 in currency. He testified further that appellant's co-defendant was wearing a black T-shirt and jeans and that a gold medallion on a chain, two nylon stockings, a cameo and chain, $200 in currency and a large amount of change were found in his pockets, and that a knife was found in his sock. A second crucifix was also found in the pocket of a jacket which was in the back seat of the car. At trial, Cieslinski identified the cameo, handgun, watch, and one of the crucifixes as hers and testified that tools and canned food items missing from her home had been found in grocery bags in the trunk of her car and returned to her.

 Appellant argues on appeal that the identification evidence adduced at trial was insufficient to support his conviction. The identity of the perpetrator of a crime is a question of fact, not law, and the weight given to identification evidence and any determination of whether it is satisfactory or trustworthy is a function of the trier of fact. *Whitt v. State* (1986), Ind., 499 N.E.2d 748, 750. Hours after the robbery, Cieslinski positively identified appellant and his co-defendant as the two who had robbed her earlier in the day. Months later at trial, the victim testified that she was no longer certain. These discrepancies in Cieslinski's identifications were fully disclosed to the jury, and they go to the weight rather than to the sufficiency of the evidence. *French v. State* (1988), Ind., 521 N.E.2d 346, 350.

In this case, in addition to Cieslinski's testimony, there was substantial evidence from other sources supporting the inference that appellant was one of the perpetrators. Both at a pre-trial line-up conducted on the night of the crime and again at trial, Cieslinski's neighbor positively identified appellant as one of the men she saw standing at the victim's door, carrying bags out of the house, and leaving in her car. Appellant was found in Cieslinski's stolen car and in possession of items belonging to her only a couple of hours after the robbery.

The evidence presented at trial serving to identify appellant as a perpetrator of this robbery is clearly sufficient.

Affirmed.

All Justices concur.