**Darrel BIVENS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 49S00–8812–CR–975.**

Supreme Court of Indiana.

May 3, 1990.

Howard Howe, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. and Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of three counts of Robbery, Class A felonies, and two counts of Confinement, Class B felonies. The court sentenced appellant to fifty (50) years imprisonment for each count of robbery and twenty (20) years imprisonment for each count of confinement. The first count of robbery was enhanced by thirty (30) years by reason of appellant's status as a habitual offender, all sentences to be served concurrently.

The facts are: On February 26, 1987, appellant, Anthony Ferguson, and Luther Montgomery were at a mutual friend's house drinking liquor. The appellant asked Montgomery to "make a run 'for him to pick up a check at 71st Street and Michigan Road.'" Montgomery, Ferguson, and appellant entered Montgomery's white 1976 Ford. Appellant then directed Montgomery to drive to the vicinity of 79th Street and Michigan Road. Appellant told Montgomery to park on Alton Road. Alton Road runs parallel to Michigan Road and intersects 79th Street. A Village Pantry store and a liquor store are located on the north side of 79th Street between Alton Road and Michigan Road.

After Montgomery had parked the car on Alton Road, appellant and Ferguson exited the car and proceeded northward toward the Village Pantry while Montgomery waited inside the car. During appellant's and Ferguson's absence, Montgomery fell asleep.

When Ferguson and appellant entered the Village Pantry, three employees were inside. They were: Margaret Hodges, Daryl Gilbert, and Randy Dennison. Appellant entered the Village Pantry ahead of Ferguson. Appellant grabbed Dennison from behind the counter and forced him to walk toward the cash register holding a knife pointed to his face. Daryl Gilbert saw appellant grab Dennison and noticed that appellant was holding a knife at Dennison's face. Next, Ferguson jumped over the counter and showed Gilbert that he also had a knife and demanded that Gilbert open the cash register. Ferguson then knocked Gilbert to the floor.

Appellant and Ferguson took the cash from the cash drawer. Ferguson took Gilbert's wallet and Hodges' purse. Appellant took Dennison's gold watch and his wallet containing money, credit cards, and various pieces of identification. Both Ferguson and appellant took packages of cigarettes. Appellant threw Dennison to the floor, causing him to fracture his left wrist. Appellant and Ferguson then ran from the Village Pantry in a southerly direction toward 79th Street.

Margaret Hodges described appellant and Ferguson as two black men of small build, five feet seven inches in height, and wearing bluejeans and gray hooded sweatshirts.

Shortly thereafter, Deputy Sheriff Russell Rourke was dispatched to the area of

79th Street and Alton Road on a report of a drunk driver on Alton Road. As he approached the intersection, he observed two black men on the north side of 79th Street running south across 79th Street into a wooded area. A few minutes later, as the deputy approached the white Ford on Alton Road, he was warned that there was a person underneath the car. The deputy found Ferguson under the car and Montgomery in the driver's seat of the car.

Gilbert's wallet was found in Ferguson's pocket. Cigarettes and Hodges' purse were found by the entrance of the trail into the wooded area on the south side of 79th Street. Cigarettes also were found on the north side of 79th Street where the deputy had observed the two subjects.

Later that evening, Ferguson gave a statement to Detective Kouns admitting to his participation in the robbery. However, he did not divulge the name of his accomplice until after the completion of the statement. On March 3, 1987, Montgomery gave a statement to the police in which he stated that Ferguson and appellant were involved in the Village Pantry incident.

On March 9, 1987, Chester Engle of the Ohio State Highway Patrol was patrolling Interstate 70 when he observed appellant sleeping in a vehicle at a rest area. He noticed a knife on the floor of the vehicle. He checked the glove compartment to obtain an automobile registration slip. The automobile was not registered in appellant's name. The officer found Randy Dennison's wallet in the glove compartment. Appellant had Dennison's Sunoco credit card in his pocket. The officer contacted Dennison's father and the Marion County Sheriff's Department. Appellant was subsequently returned to Indiana.

At trial, appellant admitted he was with Montgomery and Ferguson on February 26, 1987 and that he did ask Montgomery to drive him to 71st Street. However, he asserted that he exited the car at 71st Street and walked to his grandparents' house. He admitted that Dennison did not give him the Sunoco credit card; he did not, however, have an explanation for its possession except to say that both the wallet, which was in the glove compartment, and the credit card found on his person were in the car when he acquired it.

Appellant claims the verdict is not supported by sufficient evidence. He claims the State's evidence did no more than place him in the vicinity of the crime at the time it was committed. Although both of his codefendants testified that he participated in the crime, he claims their testimony is not credible because they stood to gain by turning State's evidence against him.

Montgomery's account of the events was not very lucid as he remained in the car and actually fell asleep when Ferguson and appellant left. However, Ferguson's testimony was in detail and basically furnished the facts above described. Neither Hodges nor Dennison were able to identify either of the persons who robbed them. At trial, Gilbert identified appellant as one of the robbers. Appellant points out that Gilbert was unable to identify a photograph of him two days after the robbery.

■ Appellant is correct in his observation that mere presence at or near the scene of a crime is not sufficient to sustain a conviction, citing *Menefee v. State* (1987), Ind., 514 N.E.2d 1057. However, the presence at or near the scene in connection with other circumstances tending to show participation in the crime may be sufficient to sustain a conviction. *Id.* at 1059.

The fact that when appellant was apprehended in Ohio and was in possession of Dennison's wallet and credit card, coupled with the testimony of his codefendant, Ferguson, detailing his participation in the robbery, is evidence upon which the jury could rely in reaching their verdict. *Steele v. State* (1985), Ind., 475 N.E.2d 1149; *Crane v. State* (1982), Ind.App., 436 N.E.2d 895.

■ As to the question of the reliability of Gilbert's identification of appellant at the trial, the jury was entitled to take into consideration the duration of his view of appellant, the distance between them, the lighting conditions, and the witness' capacity for observation. The facts in this case, as detailed by Gilbert, were sufficient for the jury to draw the conclusion that he had

ample opportunity to view appellant and that his in-court identification was based upon that observation. *See Brendel v. State* (1984), Ind., 460 N.E.2d 919.

Ferguson's testimony alone would have been enough to convict appellant. *Griffin v. State* (1986), Ind., 501 N.E.2d 1077. However, when supported by the corroborating evidence set out above, it gives ample support to the jury's verdict.

 Appellant raises several inconsistencies between the testimonies of the various witnesses. However, we have previously held that discrepancies between witnesses as to the facts of the case are to be weighed by the jury who will not be second-guessed on appeal. *Titara v. State* (1983), Ind., 447 N.E.2d 587; *see also Phillips v. State* (1986), Ind.App., 499 N.E.2d 803.

There is ample evidence in this record to support the verdict of the jury. The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.