# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 18 2017, 9:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marce Gonzalez, Jr.
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Deundre Rashad Kearney, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | May 18, 2017 <br><br> Court of Appeals Case No. 45A03-1611-CR-2657 <br><br> Appeal from the Superior Court of Lake County <br><br> The Honorable Diane Ross Boswell, Judge <br><br> Trial Court Cause No. 45G03-1601-F3-5 |

**Altice, Judge.**

## Case Summary

[1] Deundre R. Kearney appeals his conviction for Level 3 felony armed robbery. He challenges the sufficiency of the evidence.

[2] We affirm.

## Facts & Procedural History

[3] On the evening of January 11, 2016, Olivia Exum was working alone at Gift Cards for Cash when a young, black male kicked in the door to her office. The man had a scarf covering the area below his nose, but his eyes, nose, and hair were showing. Armed with a handgun, he directed Exum to give him everything. As Exum fumbled while trying to open the register, the man told her to hurry. He took her purse and cellphone, the store's iPad, and the cash in the register. The incident was caught on the store's surveillance cameras.

[4] When a police officer arrived on the scene shortly thereafter, Exum described the suspect as a skinny, dark-skinned black male, approximately six feet and two inches tall, with hair styled in short dreads. Thereafter, on January 21, Detective Gregory Wolf, a violent crimes investigator, interviewed Exum and presented her with a photo array.[1] Exum positively identified Kearney.

[5] Exum testified at Kearney's bench trial on September 22, 2016. She recounted the robbery, identified Kearney, and testified that she was "absolutely positive"

---

[1] Detective Wolf included Kearney's picture in the array because Kearney was a suspect in two other recent robberies in the area and fit the physical description provided by Exum.

in her identification even though the robber wore a scarf partially covering his face. *Trial Transcript* at 45. The surveillance videos were submitted at trial, as well as a mug shot taken of Kearney six days after the robbery. Kearney matched the physical description provided by Exum on the night in question.

[6] The trial court found Kearney guilty as charged of Level 3 felony armed robbery. In doing so, the court expressly rejected Kearney's lack-of-identification defense as follows:

> I've reviewed the evidence, gone over the photographs, I saw the video. It is clear in the video that the witness, Ms. Exum, had a clear view of what she testified to from the nose - - from the nose up - - from the top of the lip up.

*Id*. at 80. Kearney now appeals.

### Discussion & Decision

[7] As he did below, Kearney challenges the evidence regarding identification. He argues that a significant portion of the robber's face was shielded by a scarf and therefore Exum's identification of Kearney as the person who robbed her is "based on a certain degree of speculation." *Appellant's Brief* at 7. Accordingly, Kearney claims that the evidence was insufficient.

[8] We reject Kearney's blatant invitation to reweigh the evidence. *See McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). The unequivocal identification by a witness is sufficient to support a conviction. *Gorman v. State*, 968 N.E.2d 845, 848 (Ind. Ct. App. 2012), *trans. denied*. Further, "[t]he identity of the

perpetrator of a crime is a question of fact, not law, and the weight given to identification evidence and any determination of whether it is satisfactory or trustworthy is a function of the trier of fact." *Watkins v. State*, 551 N.E.2d 1145, 1147 (Ind. 1990).

[9]     Here, Exum positively identified Kearney both in a photo array ten days after the robbery and at trial. When cross examined regarding her identification of Kearney, Exum did not sway. Additionally, Kearney fit the physical description Exum provided of the suspect immediately following the robbery. The evidence sufficiently established that Kearney committed the robbery.

[10]    Judgment affirmed.


Kirsch, J. and Mathias, J., concur.