Terrence D. BONNER, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A03–0210–CR–350.

Court of Appeals of Indiana.

April 16, 2003.

Publication Ordered May 19, 2003.

Anthony S. Churchward, Deputy Public Defender, Fort Wayne, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nandita G. Shepherd, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Terrance D. Bonner appeals his conviction of Resisting Law Enforcement as a Class A misdemeanor. We reverse.

### Issue

The issue here is whether the State adequately proved Bonner's guilt.

### Facts and Procedural History

On June 7, 2002, a white GMC truck ran a red light in Fort Wayne, Indiana. Officer Richard Hutson of the Fort Wayne Police Department saw the truck run the light, and initiated a traffic stop. The truck pulled over, and Officer Hutson observed two occupants. As Hutson walked up to the vehicle, the vehicle sped off. Officer Hutson returned to his car, called for assistance, and pursued the truck. Sergeant Ronald Lapp joined the chase in his police car. At some point, Sergeant Lapp saw the vehicle come to a stop ahead of him. When he caught up to the parked truck, Sergeant Lapp saw the driver-side door open and noticed Bonner standing by the open door. Bonner started running, and Sergeant Lapp followed on foot. Officer Mark Gerardot joined the search, patrolling the area in his car. He saw Bonner hiding between two houses in the dark, and ordered him to get on the ground. Bonner complied and was arrested. A handgun was subsequently found in the vehicle. The vehicle was later determined to have been stolen.

Bonner was charged with Carrying a Handgun Without a License as a Class C felony, Receiving Stolen Auto Parts as a Class D felony, Resisting Law Enforcement as a Class D felony for fleeing from Officer Hutson and Sergeant Lapp, and Resisting Law Enforcement as a Class A misdemeanor for fleeing from Officer Gerardot.[1] Later, a Habitual Offender count was added. Bonner was tried before a jury on August 15, 2002. Bonner moved for and was granted a directed verdict on the handgun charge. The jury found Bonner not guilty of the Class D felony Resisting count and the Receiving Stolen Auto Parts charge, but found him guilty of the Class A misdemeanor Resisting count. Bonner was sentenced to one year and now appeals.

### Discussion and Decision

#### A. Standard of Review

Bonner claims that the State failed to prove his guilt with adequate evidence. When we review a claim that a conviction is not supported by sufficient evidence establishing the defendant's guilt, we generally may not reweigh the evidence or question the credibility of witnesses. *Doty v. State*, 730 N.E.2d 175, 180 (Ind.Ct. App.2000). Those are functions of the fact finder. *Id.* We must affirm a conviction if the finder of fact heard evidence of probative value from which it could have inferred the defendant's guilt beyond a reasonable doubt. *Graham v. State*, 713 N.E.2d 309, 311 (Ind.Ct.App.1999). When making this determination, we consider only the evidence, and all reasonable inferences to be drawn from that evidence, favorable to the verdict. *Id.*

#### B. Analysis

Bonner appeals his conviction of Class A misdemeanor Resisting Law En-

---

1. Ind.Code §§ 35–47–2–1 and –23, 35–43–4–2.5(c), and 35–44–3–3(d) (making it a Class D felony to flee in a vehicle) and –3(a), respectively.

forcement. Pursuant to Indiana Code section 35–44–3–3(a)(3), "[a] person who knowingly or intentionally . . . flees from a law enforcement officer after the officer has, by visible or audible means, identified himself and ordered the person to stop . . . commits resisting law enforcement, a Class A misdemeanor[.]" In the information charging Bonner with Class A misdemeanor Resisting, the State alleged that Bonner

> did knowingly or intentionally flee from M. Gerardot, a law enforcement officer empowered by the Fort Wayne Police Department, after said M. Gerardot had, by visible or audible means, identified himself and ordered Terrence D. Bonner to stop, being contrary to the form of the statute in such case made and provided.

Bonner contends that the State failed to prove his guilt of this count because the undisputed evidence was that Bonner immediately complied with Officer Gerardot's single instruction to get on the ground.

The State acknowledges there was no evidence that Bonner resisted Officer Gerardot's single order to stop, as the State alleged in its Information charging Bonner with Class A misdemeanor Resisting. The State argues, however, that its reference to Officer Gerardot in the information amounted to the inclusion of surplus descriptive information and that it was unnecessary to prove that Bonner specifically resisted Officer Gerardot's efforts to arrest him. Rather, according to the State, Bonner was subject to conviction for Class A misdemeanor Resisting under the information for his flight from Officer Hutson and Sergeant Lapp.

■ The State is correct that facts which may be omitted from an information without affecting the sufficiency of the charge against the defendant are mere surplusage and do not need to be proved. *See Mitchem v. State,* 685 N.E.2d 671, 676 (Ind.1997). Bonner, however, contends that the identity of the police officer was a necessary allegation and could not have been omitted without rendering the State's information defective.

■ An information must be "a plain, concise, and definite written statement of the essential facts constituting the offense charged," IND.CODE § 35–34–1–2(d), and "must be sufficiently specific to apprise the defendant of the crime for which he is charged and to enable him to prepare a defense." *Jones v. State,* 467 N.E.2d 1236, 1241 (Ind.Ct.App.1984). While the names of third persons only collaterally or incidentally related to the offense charged may be omitted from an information or indictment, the names of those whose identities are essential to a proper description of the offense charged must be alleged if known. *Fadell v. State,* 450 N.E.2d 109, 115 (Ind.Ct.App.1983).

In this case, the names of the particular officers from whom Bonner fled were essential to the proper description of the State's two separate resisting charges, and the State had to specifically identify the officer or officers whose arrest efforts Bonner allegedly resisted in each information. Given the number of officers involved in the police chase and the number of ways Bonner was alleged to have fled from the different officers, the separate Resisting charges would not have provided Bonner with sufficient information to anticipate the proof that would be adduced against him with regard to each charge if the officers pertinent to each separate offense had not been particularly identified. *See Fadell,* 450 N.E.2d at 116 (in prosecution of township assessor for Theft by Deception, information that failed to identify the particular deputies and employees involved in the offense was insufficient to enable the defendant to anticipate the proof that would be adduced against him).

Indeed, had the State failed to plead and prove the separate charges as it did, it would have been unable to obtain two separate convictions. In general, a single incident of resisting arrest will not support multiple Resisting convictions regardless of the number of officers involved. *Touchstone v. State*, 618 N.E.2d 48, 49 (Ind.Ct.App.1993). Multiple Resisting convictions stemming from one greater incident are permissible, however, when each conviction arises from a separate and discreet offense, such as when a subject resists the arrest efforts of different officers in distinct ways. *Armstead v. State*, 549 N.E.2d 400, 402 (Ind.Ct.App.1990) (citing *Parks v. State*, 513 N.E.2d 170 (Ind. 1987) and *Pettit v. State*, 439 N.E.2d 1175 (Ind.Ct.App.1982)). Thus, the only way to obtain the desired convictions for both Class D felony Resisting and Class A misdemeanor Resisting was to prove that Bonner engaged in two separate and distinct acts of Resisting.

In sum, the State was required here to specifically identify the particular officers from whom Bonner fled in its separate informations charging Bonner with two different counts of separate incidents of Resisting Arrest. The State did this. In particular, the State's information for Class D felony Resisting explicitly alleged that Bonner fled from Officer Hutson and Sergeant Lapp in violation of Indiana Code section 35–44–3–3(b)(1), which provides that Resisting Law Enforcement is a "Class D felony if, while committing it, the person . . . operates a vehicle in a manner that creates a substantial risk of bodily injury to another person. . . ." The State's information for Class A misdemeanor Resisting, on the other hand, alleged that Bonner failed to stop when ordered to do so by Officer Gerardot. As the State acknowledges, however, there was no evidence that Bonner did anything to resist Officer Gerardot's efforts to arrest him.

Bonner's conviction of this offense was therefore unsupported by sufficient evidence and must be reversed.

Reversed.

BROOK, C.J., and NAJAM, J., concur.

### ORDER

This Court having heretofore handed down its opinion in this case on April 16, 2003, marked Memorandum Decision, Not for Publication;

Comes now the Appellant, by counsel, and files herein Motion to Publish Memorandum Decision, alleging therein that there are currently no published opinions issued by an appellate level court concerning the specificity required in a charging information for Resisting Law Enforcement, I.C. 35–44–3–3; that a clarifying precedent by this Court would be of substantial assistance to trial courts and counsel prosecuting and defending cases similar to this case and therefore prays this Court to publish its previously handed down Memorandum Decision.

The Court having examined said Motion, having reviewed its opinion in this case and being duly advised, now finds that said Motion to Publish should be granted.

IT IS THEREFORE ORDERED as follows:

1. The appellant's Motion to Publish Memorandum Decision is granted and this Court's opinion heretofore handed down in this cause marked Memorandum Decision, Not for Publication in now ordered published.