Jonathan PARAHAMS, Jr.,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 71A03–0902–CR–77.

Court of Appeals of Indiana.

June 30, 2009.

Mark S. Lenyo, South Bend, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Jonathan Parahams ("Parahams") was convicted in St. Joseph Superior Court of Class A misdemeanor resisting law enforcement. Parahams appeals and argues that the evidence is insufficient to support his conviction. Concluding that the State presented sufficient evidence that Parahams resisted law enforcement, we affirm.

### Facts and Procedural History

On June 12, 2007, Officer Joseph Leszczynski ("Officer Leszczynksi") and Officer Chicowicz ("Officer Chicowicz") responded to a dispatch reporting a black male in a red vehicle with people coming and going. When the officers arrived on the scene, they pulled up behind the red vehicle, which was illegally parked. As the officers exited the squad car, Parahams exited the driver's side of the vehicle, went to the front of the vehicle, and lifted up the hood. Parahams showed the officers an identification card when asked, and told the officers that he was having car trouble.

Parahams told Officer Leszczynski that the vehicle belonged to his girlfriend who had walked to the Munchie Mart store approximately a block south of the vehicle's location. After waiting five to ten

minutes for Parahams's girlfriend to return, Officer Leszczynski decided to impound the vehicle because it was illegally parked. The officer began to perform an inventory search of the vehicle and found a bag of marijuana in the center console between the front seats.

While Officer Leszczynski was occupied with searching the vehicle, Parahams attempted to flee. Officer Chicowicz ordered Parahams to stop. Officers Josh Morgan, Tony Pacheco, and Mark Walsh, who had also arrived on the scene to assist, apprehended Parahams. Parahams continued to resist and tried to prevent the officers from placing him in handcuffs. Eventually, Parahams was handcuffed and transported to jail.

Parahams was charged with Class A misdemeanor possession of marijuana, Class D felony possession of marijuana, and Class A misdemeanor resisting law enforcement. A jury trial commenced on September 3, 2008. Parahams was acquitted of the marijuana charges, but found guilty of Class A misdemeanor resisting law enforcement. Parahams was sentenced to a one-year suspended sentence and ordered to serve probation for four months after completing his probation in a separate cause. Parahams now appeals.

### Discussion and Decision

■ Parahams argues that the evidence is insufficient to support his Class A misdemeanor resisting law enforcement conviction. When we review a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Jones v. State*, 783 N.E.2d 1132, 1139 (Ind.2003). We look only to the probative evidence supporting the judgment and the reasonable inferences therein to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id.* If there is substantial evidence of probative value to support the conviction, it will not be set aside. *Id.*

To establish that Parahams committed the offense of Class A misdemeanor resisting law enforcement, the State was required to prove that Parahams knowingly or intentionally fled from "a law enforcement officer after the officer has, by visible or audible means ... identified himself or herself and ordered the person to stop." Ind.Code § 35–44–3–3 (2004 & Supp.2008). The State specifically charged Parahams with knowingly fleeing from Officer Leszczynski "by running away, after Officer Leszczynski had identified himself by visible and audible means, to-wit: full uniform and a marked squad car and ordered" Parahams to stop. Appellant's App. p. 7

■ Parahams argues that the State was required to, but failed to prove that he resisted Officer Leszczynski, the officer named in the charging information. It is well established that "facts which may be omitted from an information without affecting the sufficiency of the charge against the defendant are mere surplusage and do not need to be proved." *Bonner v. State*, 789 N.E.2d 491, 493 (Ind.Ct.App. 2003) (citing *Mitchem v. State*, 685 N.E.2d 671, 676 (Ind.1997)).

■ To determine whether a variance between the proof at trial and a charging information is fatal, we consider whether: (1) "the defendant was misled by the variance in the evidence from the allegations and specifications in the charge in the preparation and maintenance of his defense," and whether he was "harmed or prejudiced thereby" and (2) whether the defendant will "be protected in the future criminal proceeding covering the same event, facts, and evidence against double jeopardy[.]" *Mitchem*, 685 N.E.2d at 677. Moreover,

[a]n information must be a plain, concise, and definite written statement of

the essential facts constituting the offense charged, and must be sufficiently specific to apprise the defendant of the crime for which he is charged and to enable him to prepare a defense. While the names of third persons only collaterally or incidentally related to the offense charged may be omitted from an information or indictment, the names of those whose identities are essential to a proper description of the offense charged must be alleged if known.

*Bonner*, 789 N.E.2d at 493 (citations and internal quotations omitted).

In *Bonner*, the defendant was charged with multiple counts of resisting law enforcement. Specifically, in one count, the State alleged that Bonner fled from Officer Gerardot after being ordered to stop. However, the evidence presented at trial established that Bonner immediately complied with Officer Gerardot's single instruction to get on the ground. The State argued that "its reference to Officer Gerardot in the information amounted to the inclusion of surplus descriptive information and that it was unnecessary to prove that Bonner specifically resisted Officer Gerardot's efforts to arrest him." *Id.* The State asserted that the evidence was sufficient to prove the charge due to Bonner's flight from two other officers involved in the chase. Our court reversed Bonner's conviction after concluding:

the names of the particular officers from whom Bonner fled were essential to the proper description of the State's two separate resisting charges, and the State had to specifically identify the officer or officers whose arrest efforts Bonner allegedly resisted in each information. Given the number of officers involved in the police chase and the number of ways Bonner was alleged to have fled from the different officers, the separate Resisting charges would not have provided Bonner with sufficient information to anticipate the proof that would be adduced against him with regard to each charge if the officers pertinent to each separate offense had not been particularly identified.

*Id.* "Thus, the only way to obtain the desired convictions for both Class D felony Resisting and Class A misdemeanor Resisting was to prove that Bonner engaged in two separate and distinct acts of Resisting." *Id.* at 494. *See also Fadell v. State*, 450 N.E.2d 109, 116 (Ind.Ct.App.1983) (holding that indictment for theft by deception was insufficient because "the indictment's failure to name the 'deputies and employees' involved left Fadell unable 'to anticipate the proof which would be adduced against him,' and unable to prepare his defense.").

In support of his argument, Parahams also relies on *Whaley v. State*, 843 N.E.2d 1 (Ind.Ct.App.2006), *trans. denied.* In that case, Whaley was charged with multiple counts of resisting law enforcement. The evidence at trial established that during the police chase, Whaley drove his vehicle toward Sergeant Garth Schwomeyer, but swerved and struck a vehicle driven by Detective Bryan Durham. Whaley then fled the scene with Deputies Larry Craciunoiu and Matthew Morgan in pursuit, and after driving his vehicle into a ditch, continued to flee on foot. Eventually, the two deputies were able to subdue and arrest him, but both were injured during the arrest. One of the resisting law enforcement charges alleged:

[Whaley], on or about March 1, 2003, did knowingly flee from Deputy Matthew Morgan and Deputy Larry Craciupiu [sic], law enforcement officers empowered by the Marion County Sheriff's Department, Deputies Morgan and Craciupiu [sic] had identified themselves by visible or audible means and ordered [Whaley] to stop, and while committing said offense [Whaley] did operate a vehicle, that is: a 1996 Chevrolet Lumina

automobile in a manner that caused serious bodily injury to Detective Brian [sic] Durham, said injury being extreme pain to his left shoulder, arm and hand[.] *Id.* at 8 (record citation omitted).

Appealing his conviction, Whaley argued that the State did not present evidence that he was fleeing from Deputy Morgan or Deputy Craciunoiu when Detective Durham was injured. Our court observed that the evidence presented at trial established that Detective Durham was injured during Whaley's flight from Sergeant Schwomeyer, and before the two deputies arrived on the scene. We then concluded, "the State had to specifically identify the officer or officers that Whaley resisted. As in *Bonner*, given the number of officers involved in arresting Whaley and the number of ways Whaley was alleged to have fled, the correct names of the officers involved were essential to a proper description of the offense charged." *Id.* at 10. Consequently, we concluded that the evidence was insufficient to support Whaley's resisting law enforcement convictions. *See also Reinhardt v. State*, 881 N.E.2d 15, 19 n. 3 (Ind.Ct.App.2008) (citing *Whaley*, 843 N.E.2d at 1 and *Bonner*, 789 N.E.2d at 491) ("Our situation is to be distinguished from other cases in which the identity of a particular person is essential to the charge and must be proved.").

It is extremely important to note that the defendants in both *Whaley* and *Bonner* were charged with multiple counts of resisting law enforcement. Consequently, in those cases, the failure of the State to identify the correct officer in the charging information against whom the defendant allegedly resisted arguably misled the defendant in the preparation and maintenance of his defense.[1]

In contrast, in the case before us, Parahams was charged with one act of resisting law enforcement. Specifically, Parahams was charged with knowingly fleeing from Officer Leszczynski "by running away, after Officer Leszczynski had identified himself by visible and audible means, to-wit: full uniform and a marked squad car and ordered" Parahams to stop. Appellant's App. p. 7. Yet, the evidence at trial revealed that it was actually Officer Cichowicz who told Parahams to stop running. Tr. p. 182.

Parahams does not argue that the variance between the charging information and the proof at trial misled him in the preparation of his defense. Moreover, on the record before us, we cannot conclude that the variance prejudiced Parahams. Parahams's one charged act of resisting was fleeing from a police officer after he was told to stop. The probable cause affidavit attached to the charging information listed the five officers that were present at the scene. *See* Appellant's App. p. 12. The State proved that one of those officers, Officer Chicowicz, ordered Parahams to stop when he began to flee. For all of these reasons, we cannot conclude that the variance was fatal to the State's case. The State therefore presented sufficient evidence to prove that Parahams resisted law enforcement and we affirm his Class A misdemeanor resisting law enforcement conviction.

Affirmed.

RILEY, J., and KIRSCH, J., concur.

---

**1.** Although in *Whaley*, our court cited the test set forth in *Mitchem* concerning whether a variance between the proof at trial and a charging information is fatal, the court did not specifically address whether Whaley was misled by the variance in preparing his defense causing prejudice thereby. 843 N.E.2d at 9–10.