**Victor T. JONES, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 32A04–1004–CR–309.**

Court of Appeals of Indiana.

Dec. 27, 2010.

Paula M. Sauer, Danville, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Karl M. Scharnberg, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Victor Jones appeals his convictions of and sentences for resisting law enforcement and criminal recklessness. We consolidate and restate his issues as follows:

1. Was the evidence sufficient to convict Jones of Class D felony resisting law enforcement? [1]

2. Do Jones' convictions subject him to double jeopardy?

3. Did the trial court err in ordering Jones to pay a jury fee of $1,322.60, a pauper counsel fee of $4,527, and a docket fee of $164?

We affirm in part, reverse in part, and remand.

## FACTS AND PROCEDURAL HISTORY

On October 22, 2009, Jones drove with Claudia Vertner and Latwan McCray to Hendricks County. McCray unknowingly had arranged to sell cocaine to a confidential informant for the Hendricks County Drug Task Force. Approximately twenty-five police officers were at or near the scene at the time of the transaction. After the confidential informant exited Jones' vehicle, members of the Emergency Response Team converged on the vehicle, yelled, "stop, police, Indiana State Police, let me see your hands, those types of commands," (Tr. at 144), and ordered Jones, Vertner, and McCray to exit the vehicle. Jones put the vehicle in reverse, squealed the tires as he accelerated, and crashed into a marked police vehicle. Police then arrested Jones and his companions without further incident.

The State charged Jones with Class B felony dealing in cocaine; [2] Class D felony possession of cocaine; [3] Class D felony resisting law enforcement; Class A misdemeanor criminal recklessness; [4] Class A misdemeanor possession of marijuana; [5] and Class B felony conspiracy to commit dealing in cocaine. [6] Jones agreed to testify against Vertner and McCray and, in exchange, the State would dismiss all charges except resisting law enforcement and criminal recklessness.

After a jury trial, Jones was found guilty of Class D felony resisting law enforcement and Class A misdemeanor criminal recklessness. Jones was sentenced to three years in the Indiana Department of Correction and ordered to pay $1,322.60 in jury fees, $4,527 in pauper counsel fees, and $164 in docket fees.

## DISCUSSION AND DECISION

### 1. *Sufficiency of the Evidence*

■ When reviewing the sufficiency of evidence, we will not reweigh the evidence or assess the credibility of witnesses. *Drane v. State*, 867 N.E.2d 144, 147 (Ind.2007). We consider only the evidence most favorable to the verdict, together with all reasonable and logical inferences drawn therefrom. *Id.* at 147–48. We affirm the conviction if there is substantial evidence of probative value to support the conclusion of the trier of fact. *Id.* at 147.

■ To convict Jones of Class D felony resisting law enforcement, the State had to prove he used a vehicle, Ind.Code § 35–44–3–3(b)(1)(A), to "knowingly or inten-

---

1. Ind.Code §§ 35–44–3–3(a)(3) and (b)(1)(A).

2. Ind.Code § 35–48–4–1(a).

3. Ind.Code § 35–48–4–6(a).

4. Ind.Code §§ 35–42–2–2(b)(1) and (c)(1).

5. Ind.Code § 35–48–4–11.

6. Ind.Code §§ 35–48–4–1(a) and 35–41–5–2.

tionally" flee from a "law enforcement officer after the officer has, by visible or audible means, including operation of the law enforcement officer's siren or emergency lights, identified himself or herself and ordered the person to stop." Ind. Code § 35–44–3–3(a)(3).

The charging information alleged Jones resisted "Officer Stewart." (App. at 9.) The evidence presented at trial was that Officer Stewart did not see Jones or his car prior to the impact, and defense counsel argued at trial this evidence proved Jones did not knowingly or intentionally flee Officer Stewart as charged. Jones argues this variance between the charging information and evidence presented is fatal to his conviction of resisting law enforcement.

■■■■ A charging information must be "sufficiently specific to apprise the defendant of the crime for which he is charged and to enable him to prepare a defense." *Bonner v. State*, 789 N.E.2d 491, 493 (Ind. Ct.App.2003). Facts that "may be omitted from an information without affecting the sufficiency of the charge against the defendant are mere surplusage and do not need to be proved." *Id.* To determine whether a variance between the proof at trial and a charging information or indictment is fatal, we consider two factors:

(1) was the defendant misled by the variance in the evidence from the allegations and specifications in the charge in the preparation and maintenance of his defense, and was he harmed and prejudiced thereby; [and]

(2) will the defendant be protected in the future criminal proceeding covering the same event, facts, and evidence against double jeopardy?

*Mitchem v. State*, 685 N.E.2d 671, 677 (Ind.1997). In addition,

[a]n information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged, and must be sufficiently specific to apprise the defendant of the crime for which he is charged and to enable him to prepare a defense. While the names of third persons only collaterally or incidentally related to the offense charged may be omitted from an information or indictment, the names of those whose identities are essential to a proper description of the offense charged must be alleged if known.

*Bonner*, 789 N.E.2d at 493 (internal citations omitted).

■■■■ When there is a single charge of resisting law enforcement, an error by the State in the officer's name is not fatal to a conviction. *Parahams v. State*, 908 N.E.2d 689 (Ind.Ct.App.2009). There, the State alleged Parahams fled Officer Leszcynski but the evidence indicated he actually fled from Officer Cichowicz. We held Parahams was not prejudiced by the State's error, because he was charged with a single count of resisting law enforcement, which meant the officer's identity was not crucial to his defense. *Id.* at 693.

Jones argument relies on a line of cases in which we held the State's failure to name the correct officer was fatal to the conviction. *See Whaley v. State*, 843 N.E.2d 1, 10 (Ind.Ct.App.2006) (stating, "given the number of officers involved in arresting Whaley and the number of ways Whaley was alleged to have fled, the correct names of the officers involved were essential to a proper description of the offense charged"), *trans. denied*; *Bonner*, 789 N.E.2d at 494 (vacating one of two counts of resisting law enforcement because Bonner was charged with fleeing an officer that the undisputed evidence proved he did not flee); and *O'Connor v. State*, 590 N.E.2d 145, 148 (Ind.Ct.App.

1992) (vacating conviction because O'Connor was charged with forcibly resisting two officers when in fact he used force against only one). However, those decisions are distinguishable because each involved multiple counts of resisting law enforcement against each defendant, and each time we held the multiple charges necessitated the inclusion of a named officer. In fact, in *Parahams,* we distinguished those cases by saying: "in those cases, the failure of the State to identify the correct officer in the charging information against whom the defendant allegedly resisted arguably misled the defendant in the preparation and maintenance of his defense." 908 N.E.2d at 693.

As in *Parahams,* the State filed only one charge of resisting law enforcement against Jones. Jones argues the State's error in naming Officer Stewart did not provide him "with sufficient information to anticipate the proof that would be adduced against him unless the officers pertinent to the offense had been identified," (Appellant's Br. at 9), but he does not explain how his defense was hindered by the error. As only one act of resisting was alleged, Jones could easily determine which officers were at the scene when that act occurred. Because Jones did not demonstrate his defense was hindered by the incorrect identification of the officer resisted, the variance was not fatal to Jones's conviction. *Id.*

■■■ The State's naming of Officer Stewart in the charging information was surplusage that was not required for a conviction, and therefore the evidence was sufficient to convict Jones of resisting law enforcement. Evidence was presented at trial that after the confidential informant left Jones' vehicle, law enforcement officers on the scene identified themselves, turned on the lights on police vehicles, and told Jones to stop. After being told to stop, Jones accelerated his vehicle in an attempt to flee and struck Officer Stewart's police vehicle. Thus, the elements of resisting law enforcement while using a vehicle were proven by the State, and Jones was properly found guilty of the charge.

### 2. *Double Jeopardy*

■■■ Jones was subjected to double jeopardy when convicted and sentenced for both Class D felony resisting law enforcement and Class A misdemeanor criminal recklessness because both crimes were enhanced by his use of a vehicle. Article I, Section 14 of the Indiana Constitution states, "[n]o person shall be put in jeopardy twice for the same offense." Accordingly, no person may be convicted and punished "for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime which [he] has been convicted or punished." *Porter v. State,* 935 N.E.2d 1228, 1234 (Ind.Ct.App.2010) (citing *Richardson v. State,* 717 N.E.2d 32, 56 (Ind. 1999)).

The State enhanced both charges against Jones based on his use of a vehicle; the same evidence—that Jones put the car in reverse and accelerated—was used to enhance both crimes. Therefore, Jones was subjected to double jeopardy when he was convicted of enhanced versions of both resisting law enforcement and criminal recklessness. *See, e.g., id.* We remand for the trial court to reduce his criminal recklessness conviction to a Class B misdemeanor [7] and to resentence Jones accordingly.

---

7. Class B misdemeanor criminal recklessness requires a person to recklessly, knowingly or

intentionally perform an act that creates a

### 3. Fees

 The trial court improperly ordered Jones to pay fees associated with his trial, specifically, a jury fee, a pauper counsel fee, and a docket fee. A trial court has discretion in sentencing a defendant and its decision will be reversed only if there is a manifest abuse of discretion. *Jester v. State*, 746 N.E.2d 437, 439 (Ind. Ct.App.2001). If the trial court imposes fees within the statutory limits, there is no abuse of discretion. *Mathis v. State*, 776 N.E.2d 1283, 1289 (Ind.Ct.App.2002), *trans. denied.* A defendant's indigency does not shield him from all costs or fees related to his conviction. *See, e.g., Like v. State*, 760 N.E.2d 1188, 1193 (Ind.Ct.App. 2002) (finding no abuse of discretion in a $300 marijuana eradication fee imposed on an indigent defendant because the fee was mandatory per the relevant statute), *reh'g granted and remanded on other grounds*, 766 N.E.2d 416 (Ind.Ct.App.2002).

#### a. Jury Fee

 Ind.Code § 33–37–5–19 authorizes the trial court to assess jury costs against the defendant, but limits the amount: "[t]he clerk shall collect a jury fee of two dollars ($2) in each action in which a defendant is found to have committed a crime, violated a statute defining an infraction, or violated an ordinance of a municipal corporation." The State concedes, and we agree, that the trial court abused its discretion when ordering Jones to pay $1322.60 in jury fees. Therefore, we remand for the trial court to impose a maximum jury fee of $2.00 pursuant to Ind. Code § 33–37–5–19.

#### b. Pauper Counsel Fee

 The trial court assessed a pauper counsel fee on Jones. The State concedes the trial court abused its discretion by imposing pauper counsel fees on Jones without holding an indigency hearing. Three statutes empower the trial court to impose a fee on a defendant for the cost of his appointed representation. *See* Ind. Code §§ 33–37–2–3, 33–40–3–6, and 35–33–7–6.[8] Jones' fee was not proper under any of them.[9]

Ind.Code § 33–37–2–3 states in relevant part:

(a) Except as provided in subsection (b), when the court imposes costs, it shall conduct a hearing to determine whether the convicted person is indigent. If the person is not indigent, the court shall order the person to pay:

(1) the entire amount of the costs at the time sentence is pronounced;

(2) the entire amount of the costs at some later date; or

(3) specified parts of the costs at designated levels.

\* \* \* \* \* \*

(e) If, after a hearing under subsection (a) or (b), the court determines that a convicted person is able to pay part of the costs of representation, the court shall order the person to pay an amount of not more than the cost of the defense services rendered on behalf of the person.

---

substantial risk of bodily injury to another person. Ind.Code § 35–42–2–2(b)(1).

8. We conclude Jones' fee was not assessed pursuant to Ind.Code § 35–33–7–6 because it requires the Public Defender fee be assessed "prior to the completion of the initial hearing," but Jones' fee was assessed during the sentencing phase of his trial.

9. As we have noted on other occasions, we would welcome a thorough legislative consideration of the various provisions that address when criminal defendants can be responsible for paying for appointed counsel. *See Banks v. State*, 847 N.E.2d 1050, 1052 n. 3 (Ind.Ct. App.2006), *Lamonte v. State*, 839 N.E.2d 172, 176 n. 1 (Ind.App.Ct.2005).

In *Banks v. State*, 847 N.E.2d 1050 (Ind. Ct.App.2006), *trans. denied*, the trial court found Banks indigent and ordered him to pay $200 in public defender fees. We noted the order would be erroneous if it had been made pursuant to Ind.Code § 33–37–2–3(a), because that statute permits the court to order a defendant to pay "[i]f the person is not indigent," but the court in fact had found Banks indigent. *Id.* at 1052.

Similarly, at Jones's initial hearing, the court found Jones indigent and appointed a public defender. No further hearing was held prior to imposition of the pauper counsel fees. Thus the fee could not be a valid assessment under Ind.Code § 33–37–2–3. *See Banks*, 847 N.E.2d at 1052.

Finally, the third possible statute for imposing pauper counsel fees states in relevant part:

(a) If at any stage of a prosecution for a felony or a misdemeanor the court makes a finding of ability to pay costs of representation under section 7 of this chapter,[10] the court shall require payment by the person ... of the following costs in addition to other costs assessed against the person:

(1) Reasonable attorney's fees if an attorney has been appointed for the person by the court.

(2) Costs incurred by the county as a result of court appointed legal services rendered to the person.

Ind.Code § 33–40–3–6 (footnote added).

In *Lamonte v. State*, 839 N.E.2d 172 (Ind.Ct.App.2005), a trial court required Lamonte to pay $400 to the Supplemental Public Defender Service Fund pursuant to this statute. We held that fee was an abuse of discretion because the court imposed it without finding Lamonte was able to pay for his appointed representation under Ind.Code § 33–40–3–7. *Id.* at 176.

Similarly, this trial court did not find Jones could pay for his representation based on the criteria set forth in Ind.Code § 33–40–3–7. It therefore did not have authority to impose the $4527 fee against Jones pursuant to this section of the Indiana Code. *See Lamonte*, 839 N.E.2d at 176.

We accordingly remand for the court to hold an indigency hearing and consider those factors set forth in Ind.Code § 33–40–3–7 to determine whether Jones may be ordered pursuant to any of those statutes to pay any portion of the cost of his representation.

### c. Docket Fee

▆▆▆▆ Pursuant to Ind.Code § 33–37–2–3, "when the court imposes costs, it shall conduct a hearing to determine whether the convicted person is indigent." The State concedes the trial court abused its discretion when assessing the $164 docket fee without holding an indigency hearing to determine what, if any, costs he is required to pay. Therefore, on remand, the trial court should determine during the indigency hearing regarding Jones' public defender fees whether he can also pay a docket fee, or any portion thereof.[11]

---

10. Ind.Code § 33–40–3–7 requires the trial court consider the following when determining if the person is able to pay the costs of representation:

(1) the person's independently held assets and assets available to the spouse of the person or the person's parent if the person is unemancipated;

(2) the person's income;

(3) the person's liabilities; and

(4) the extent of the burden that payment of costs assessed under section 6 of this chapter would impose on the person and the dependents of the person.

## CONCLUSION

There was sufficient evidence to convict Jones of Class D felony resisting law enforcement, and the State's act of naming an officer in the charging information was mere surplusage; therefore, we affirm his conviction. We reverse his conviction of Class A misdemeanor criminal recklessness to prevent double jeopardy, and we remand for the trial court to enter a conviction of Class B misdemeanor criminal recklessness and resentence Jones accordingly. We reverse the jury, public defender, and docket fees and remand for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

ROBB, J., and VAIDIK, J., concur.

11. We note Jones argues, and the State concedes, that the trial court should have included a statement at the end of his sentencing order indicating Jones will not be incarcerated for failure to pay fees or costs. However, this statement is not required. *See Whedon v. State,* 765 N.E.2d 1276, 1279 (Ind.2002) (because incarceration for failure to pay would violate Indiana law, such statement need not be included in sentencing order).