**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DONALD S. EDWARDS**
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana



FILED

Sep 28 2012, 9:40 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

ROBERT OWEN LUETKE,      )
                         )
    Appellant-Defendant,      )
                         )
       vs.      )      No. 03A01-1202-CR-46
                         )
STATE OF INDIANA,      )
                         )
    Appellee-Plaintiff.      )

APPEAL FROM THE BARTHOLOMEW CIRCUIT COURT
The Honorable Stephen R. Heimann, Judge
Cause No. 03C01-1108-FC-4569

**September 28, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

<u>Case Summary and Issue</u>

Following a jury trial, Robert Luetke appeals his conviction of burglary, a Class C felony, and theft, a Class D felony. On appeal, Luetke raises one issue, which we restate as whether sufficient evidence supports his burglary and theft convictions. Concluding sufficient evidence does support both convictions, we affirm.

<u>Facts and Procedural History</u>

At 2:49 a.m. on August 27, 2011, the security alarm of Country Bins Hardware alerted Columbus Police of an unauthorized entry into the building. Law enforcement arrived within three minutes; an alarm with an eight-minute duration was still sounding. Upon inspection of the premises, the officers discovered a pried-open store door and requested back-up. In less than five minutes, additional officers arrived and, believing the perpetrators could still be in the area, began walking the perimeter. Luetke commented on the quick response of police, testifying "[the police] were everywhere, just almost immediately." Transcript at 301.

A K9 unit tracked scent from the pried-open door to an adjacent soybean field, where officers detained Luetke's co-defendant. Upon escorting the co-defendant to an officer's vehicle, the officers found Luetke in the field, about twenty to thirty yards from where his co-defendant was apprehended. Both defendants had been hiding about 200 yards from the Country Bins store, in the direction of Luetke's truck. After Luetke's arrest, law enforcement ended the K9 search. In all, within thirty minutes of the alarm's sounding, both defendants were arrested.

Shortly after, an officer found a pile of items that had been taken from Country Bins (rolls of wire and copper tubing) and tools that could have been used to gain entry

into the store (bolt cutters and a crowbar). The pile was located in the direction of Luetke's truck; Luetke was located within twenty feet of the pile. The items were not tested for fingerprints or DNA.

Luetke denied his involvement, testifying at trial that he and his co-defendant went into the field to look for a tank of anhydrous ammonia they heard had been abandoned as a result of another party's theft. On the way to the field, Luetke bought bandanas at a Wal-Mart. When apprehended, he wore a bandana around his neck and gloves,[1] supposedly to protect his skin from the anhydrous gas. Luetke testified that he and his co-defendant were searching the field when law enforcement arrived. Upon seeing "[p]olice lights everywhere," Luetke "hit the ground." Tr. at 301.

Luetke and his co-defendant were each convicted of burglary and theft in a joint jury trial. Luetke now appeals.

Discussion and Decision

I. Standard of Review

Our standard of review for sufficiency claims is well-settled: if there is substantial evidence of probative value to support the verdict, we will affirm. Parahams v. State, 908 N.E.2d 689, 691 (Ind. Ct. App. 2009). We do not reweigh the evidence or judge the credibility of the witnesses. Id. We consider only the evidence supporting the verdict and any reasonable inferences that follow to determine whether a reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt. Id. "It is

---

[1] Leutke wore cloth gloves and carried rubber gloves in his back pocket when he was apprehended, the latter of which he testified that he had planned to put on once he reached the tank.

therefore not necessary that the evidence overcome every reasonable hypothesis of innocence." Drane v. State, 867 N.E.2d 144, 147 (Ind. 2007) (citation omitted).

## II. Sufficiency of the Evidence

Luetke appeals the sufficiency of evidence for his burglary and theft convictions. To sustain a conviction of burglary as a Class C felony, the State was required to prove beyond a reasonable doubt that Luetke broke and entered the Country Bins store with the intent to commit a felony in it. Ind. Code § 35-43-2-1. The State charged Luetke with burglary with intent to commit theft. To sustain a conviction of theft as a Class D felony, the State was required to prove beyond a reasonable doubt that Luetke knowingly or intentionally exerted unauthorized control over Country Bins's property with the intent to deprive the business of any part of its value or use. Ind. Code § 35-43-4-2(a). A conviction may be sustained by circumstantial evidence alone if the evidence supports a reasonable inference of guilt. Hayworth v. State, 798 N.E.2d 503, 507 (Ind. Ct. App. 2003).

Luetke argues the State failed to show that he entered the Country Bins store, possessed the crow bar, hammer, or bolt cutter used to access the store, or possessed Country Bins's stolen property.[2] Specifically, Luetke claims that "the State failed to show any connection between the crimes and [himself] other than he was in an adjacent soybean field at the time he was arrested." Brief of Appellant at 10. Luetke also points to the lack of fingerprint or DNA evidence.

---

[2] Luetke also argues that "at trial, the State failed to show that defendant aided anyone in the commission of these crimes pursuant to I.C. 35-41-3-10." This statute concerns the defense of abandonment, and Luetke fails to explain how this statute is applicable to his situation.

Luetke correctly asserts that mere presence at the scene of the crime, with nothing more, is insufficient evidence to sustain a conviction. Menefee v. State, 514 N.E.2d 1057, 1059 (Ind. 1987). However, presence at the scene in connection with other circumstances may be sufficient. Id.

At trial, the State presented circumstantial evidence—in addition to Luetke's presence in the field—sufficient to sustain Luetke's convictions. First, a K9 unit tracked scent from the pried-open door at the Country Bins store to the field where officers arrested Luetke and his co-defendant. Second, it is reasonable to infer that the timely response of law enforcement prevented Luetke from carrying the stolen property from the field to his parked vehicle. Law enforcement arrived within three minutes of the Country Bins's alarm sounding, and Luetke was arrested within thirty minutes. A pile of stolen items and tools that could have been used to gain entry into the store were found in the direction of Luetke's vehicle and within twenty feet of his hiding spot. Third, Luetke's decision to wear a bandana and gloves in the middle of the night in August could reasonably be interpreted as suspect. Finally, Luetke's self-concealment from law enforcement may be considered as circumstantial evidence of consciousness of guilt. "Flight of the accused, concealment, assumption of a false name, and related conduct are admissible as evidence of consciousness of guilt, and thus of guilt itself, but it is for the jury to determine what weight and value should be given to such evidence." Reno v. State, 248 Ind. 334, 228 N.E.2d 14, 16 (1967) (quoting State v. Torphy, 217 Ind. 383, 387–88, 28 N.E.2d 70, 72 (1940)) (emphasis added).

Luetke also points to the lack of fingerprint or DNA evidence. However, forensic evidence is not necessary when the overwhelming weight of circumstantial evidence

5

supports conviction. See Williams v. State, 791 N.E.2d 193, 196 (Ind. 2003) (a postconviction relief case), cert. denied, 540 U.S. 915 (2003).

As discussed above, the physical evidence in the case ties only Luetke and his co-defendant to the crime scene. To the extent that Luetke presents an alternate theory to explain his presence, it is the fact finder's role to determine Luetke's credibility and to weigh the evidence, not ours. See Parahams, 908 N.E.2d at 691. It is not necessary that the evidence overcome every reasonable hypothesis of innocence, only that an inference may reasonably be drawn from the evidence to support the verdict. Id. Therefore, sufficient evidence supports Luetke's convictions.

## Conclusion

Sufficient evidence supports Luetke's convictions of burglary and theft, and we therefore affirm.

Affirmed.

BAKER, J., and BRADFORD, J., concur.