**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MATTHEW D. ANGLEMEYER**
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRANDON M. EBEYER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1304-CR-372 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Barbara C. Crawford, Judge
Cause No. 49F09-1201-FD-3097

**January 21, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Brandon M. Ebeyer ("Ebeyer") was convicted after a bench trial of battery[1] as a Class D felony, resisting law enforcement[2] as a Class A misdemeanor, criminal trespass[3] as a Class A misdemeanor, and public intoxication[4] as a Class B misdemeanor and was given an aggregate sentence of 730 days to be served on home detention. He appeals only his conviction for criminal trespass, raising two issues, of which we find the following dispositive: whether sufficient evidence was presented to support his criminal trespass conviction because he was on a public sidewalk when he committed the alleged trespass.

We reverse.

## FACTS AND PROCEDURAL HISTORY

On January 13, 2012, Indianapolis Metropolitan Police Department Officer Christopher Nieves ("Officer Nieves") was working off-duty as a security officer for Bartini's in Indianapolis, Indiana and was dressed in full police uniform. He was summoned to the front door of the bar by Nick Lake[5] ("Lake"), the head of security for the bar, because of problems with an unruly patron, who was later identified as Ebeyer. Ebeyer was being removed from the premises by Lake and the bartender for smoking inside of the bar. When Ebeyer was being removed, his coat and backpack were still inside of the bar.

---

[1] *See* Ind. Code § 35-42-2-1.

[2] *See* Ind. Code § 35-44-3-3.

[3] *See* Ind. Code § 35-43-2-2.

[4] *See* Ind. Code § 7.1-5-1-3.

[5] Officer Nieves's referred to him as "Nick Blake" in his testimony at trial, *tr.* at 13, but in the rest of the transcript and probable cause affidavit, he is consistently referred to as "Nick Lake." *Tr.* at 62, 63, 65, 66, 78, 81; *Appellant's App.* at 24. We will, therefore, refer to him as Nick Lake in this opinion.

When Officer Nieves arrived at the front door, Ebeyer was arguing with Lake and was very unruly, jumping up and down, and yelling so hard that the veins stood out on his neck and spit was coming out of his mouth. Officer Nieves tried to mediate between Ebeyer and Lake and was eventually able to get Ebeyer calmed down. Officer Nieves informed Ebeyer that he was being "trespassed" from Bartini's. *Tr*. at 14. Ebeyer told the officer that he still had property inside of the bar that he wanted to retrieve before he left. *Id*. Officer Nieves asked Ebeyer if, once he obtained his property, he would leave, and Ebeyer agreed that he would. *Id*. Officer Nieves then allowed Ebeyer to come back inside to obtain his coat and backpack and escorted Ebeyer outside. Officer Nieves then told Ebeyer to leave and never come back; Ebeyer agreed to do so. *Id*. at 14-15.

Less than five minutes later, Ebeyer returned to Bartini's and stood "right at the front stoop" of the bar. *Id*. at 17. Ebeyer was located on the sidewalk right in front of the stairs leading into the bar. *Id*. at 33-34. Officer Nieves again told Ebeyer several times to leave, but Ebeyer did not and said he was getting information because he was going to file a lawsuit against Bartini's for violating his rights. *Id*. at 18, 41, 67. Ebeyer was irate and yelling and screaming again. Officer Nieves could tell that Ebeyer was intoxicated based on the odor of alcohol on his person, his glassy bloodshot eyes, his dilated pupils, and his slurred speech.

Officer Nieves placed Ebeyer under arrest for public intoxication and criminal trespass. When he attempted to place Ebeyer in handcuffs, Ebeyer pulled his wrist away. Ebeyer continued to resist for a few minutes, and some of the bouncers from Bartini's had to help Officer Nieves gain control over Ebeyer. While Officer Nieves escorted Ebeyer to

3

the officer's patrol car, Ebeyer was still yelling and screaming. At one point, Ebeyer kneed Officer Nieves in the groin, causing the officer pain.

The State charged Ebeyer with Class D felony battery, Class A misdemeanor resisting law enforcement, Class A misdemeanor criminal trespass, Class B misdemeanor disorderly conduct, and Class B misdemeanor public intoxication. A bench trial was held, at the conclusion of which, Ebeyer was found guilty of Class D felony battery, Class A misdemeanor resisting law enforcement, Class A misdemeanor criminal trespass, and Class B misdemeanor public intoxication, but not guilty of Class B misdemeanor disorderly conduct. The trial court sentenced Ebeyer to 730 days for battery, 180 days for resisting law enforcement, 124 days for criminal trespass, and 30 days for public intoxication, with all of the sentences to be served concurrently with each other and on home detention. Ebeyer now appeals.

## DISCUSSION AND DECISION

Ebeyer only challenges his conviction for criminal trespass in this appeal. Our standard of review for sufficiency claims is well-settled. When we review a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Parahams v. State*, 908 N.E.2d 689, 691 (Ind. Ct. App. 2009) (citing *Jones v. State*, 783 N.E.2d 1132, 1139 (Ind. 2003)). We look only to the probative evidence supporting the judgment and the reasonable inferences therein to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id*. If there is substantial evidence of probative value to support the conviction, it will not be set aside. *Id*. It is the function of the trier of fact to resolve conflicts of testimony and

4

to determine the weight of the evidence and the credibility of the witnesses. *Yowler v. State*, 894 N.E.2d 1000, 1002 (Ind. Ct. App. 2008).

Ebeyer argues that the State failed to present sufficient evidence to support his conviction for criminal trespass. He specifically contends that the evidence presented at his trial did not prove that he was on Bartini's property when he returned.[6] Ebeyer claims that he was only on a public sidewalk when he returned after being removed from the bar and told not to return and that he never returned to the property of Bartini's.

The charging information alleged in pertinent part:

> On or about 1/13/12, in Marion County, State of Indiana, the following named defendant, Brandon Ebeyer, did knowingly or intentionally refuse to leave the real property of Bartini's, another person, after having been asked to leave by said other person or an agent of said other person, said defendant not having a contractual interest in said real property.

*Appellant's App*. at 29. In order to convict Ebeyer of criminal trespass as a Class A misdemeanor, the State was required to prove beyond a reasonable doubt that he knowingly or intentionally refused to leave the real property of another person, Bartini's, after having been asked to leave that property by the other person or that person's agent and that Ebeyer did not have a contractual interest in the property. Ind. Code § 35-43-2-2(a)(2).

The evidence presented at trial showed that, after being allowed to re-enter Bartini's to obtain his property that had been left inside the bar, Ebeyer was told by Officer Nieves to leave and never come back; Ebeyer agreed to do so. Less than five minutes later, Ebeyer

---

[6] Ebeyer also challenges the sufficiency of the evidence presented by arguing that the State failed to prove that he had been denied entry to the bar by an agent of Bartini's because there was no evidence that Officer Nieves actually was an agent of the bar. Because we reverse Ebeyer's conviction based on a different issue, we do not reach this argument.

returned and stood "right at the front stoop," *tr.* at 17, "right in front of the stair[s] in front of Bartini's." *Tr.* at 33-34. Officer Nieves testified that Ebeyer was located on the sidewalk in front of the stairs leading into Bartini's and not on the stairs themselves at that time. *Id.* at 33-34, 39. Ebeyer was, therefore, not located on Bartini's property when he returned and refused to leave. We conclude that insufficient evidence was presented to support Ebeyer's conviction for criminal trespass.

The State relies on *Walls v. State*, 993 N.E.2d 262 (Ind. Ct. App. 2013) to support Ebeyer's conviction even if he was not on the stairs when he returned. In that case, a panel of this court held that tenants in an apartment complex have a sufficient possessory interest in, "at a minimum, their apartment doors, the threshold of their apartments, and the immediate adjacent areas by which they accessed their leased apartment units" to allow a criminal trespass conviction when the defendant had refused to leave those specific areas after having been requested to do so. *Id.* at 267. However, in that case, this court narrowed its holding to "the circumstances of [that] case," which included that the defendant was intoxicated at 5:15 a.m. and awakening tenants by kicking on their doors, yelling, refusing to leave when requested, and attempting to enter an apartment by putting his foot through the threshold. *Id.* We do not agree with the State that the same reasoning in *Walls* applies in this case to sustain Ebeyer's conviction where he was located on a public sidewalk outside of a bar.

The State also argues that, even if the evidence did not show that Ebeyer re-entered Bartini's property when he returned after being told to leave, there was still sufficient evidence to support his conviction for criminal trespass because the evidence showed that

6

Ebeyer refused to leave Bartini's property after being ordered to leave during the first incident. The State contends that Ebeyer was told to leave after he was caught smoking inside of the bar, and instead of doing so, he became irate and angry because he wanted to be allowed to retrieve his coat and backpack from inside. However, although the State raises this argument on appeal, at trial, the State proceeded on the theory, and argued, that Ebeyer committed the offense of criminal trespass during the second incident when he returned to Bartini's property minutes after being allowed to retrieve his property and told not to come back by Officer Nieves. *Tr*. at 82-83. Further, in finding Ebeyer guilty of criminal trespass, the trial court also relied on the evidence during the second incident that Ebeyer returned to Bartini's property after being told to leave by Officer Nieves and then refused to leave. *Id*. at 92-94. We, therefore, conclude that the State failed to present sufficient evidence to support Ebeyer's conviction for criminal trespass.

Reversed.

FRIEDLANDER, J., and BAILEY, J., concur.