## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 17 2015, 9:54 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kenneth E. Biggins
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jerry Miller,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 17, 2015

Court of Appeals Case No.
49A02-1405-CR-302

Appeal from the
Marion Superior Court

The Honorable Carol Orbison,
Senior Judge

49F19-1304-CM-24215

**Kirsch, Judge.**

[1]     Jerry Miller was convicted after a jury trial of operating a vehicle with a blood alcohol content ("BAC") over 0.15[1] as a Class A misdemeanor. He appeals,

---

[1] *See*. Ind. Code § 9-30-5-1.

raising the following issue for our review: whether the State presented sufficient evidence to support his conviction.

We affirm.

## Facts and Procedural History

On April 14, 2013, Alexis Pompey was working the night shift at a Village Pantry in Indianapolis, Indiana. Since the store stayed open all night, but locked its doors at 10:00 p.m., customers had to interact with the attendant through a pass-through window. While working that night, Pompey observed Miller drive up to a gas pump and exit from the driver's side door. Miller came up to the window and paid for gas. After pumping the gas, Miller returned to the window and, appearing intoxicated, began to argue with Pompey about the amount charged for the gas. Miller then returned to his vehicle and drove away.

About fifteen to twenty minutes later, Miller came back to the gas station. Pompey again observed Miller driving, and he was accompanied by another vehicle. After parking, Miller and another individual approached the window and again argued with and cursed at Pompey. Feeling threatened, Pompey called 911 for assistance. Miller then returned to his vehicle and sat in the driver's seat.

Approximately five minutes later, Indianapolis Metropolitan Police Department ("IMPD") Officer Klinton Streeter arrived at the Village Pantry. When he arrived, Officer Streeter parked behind Miller's vehicle. The driver's

door was open, and Miller was sitting halfway on the seat and halfway off the seat with his left foot on the ground. Officer Streeter spoke with Miller and observed that Miller had glassy, bloodshot eyes, poor manual dexterity, and smelled of alcohol. Due to Miller's appearance and behavior, Officer Streeter decided to administer field sobriety tests to Miller. After administering three tests, Officer Streeter determined that Miller was intoxicated. Officer Streeter then administered a portable breath test, and Miller tested positive for intoxication. Miller told Officer Streeter that he was not the driver of the vehicle, but did not identify anyone else as the driver. Officer Streeter did not locate any evidence that anyone else drove the vehicle.

[6] IMPD Officer Craig Wildauer arrived shortly after Officer Streeter. Miller initially denied driving the vehicle when speaking with Officer Wildauer, but Miller later admitted to Officer Wildauer that he was the driver. Officer Wildauer arrested Miller and transported him to the Arrestee Processing Center and administered a chemical test, which yielded a result of 0.20 grams of alcohol per 210 milligrams of breath.

[7] The State charged Miller with operating while intoxicated as a Class C misdemeanor and operating a vehicle with a BAC over 0.15 as a Class A misdemeanor. A jury trial took place on April 4, 2014, and the jury found Miller guilty on both counts. The trial court sentence Miller to an aggregate 365 days, all suspended. Miller now appeals.

# Discussion and Decision

[8] Our standard of review for sufficiency claims is well-settled. When we review a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Parahams v. State*, 908 N.E.2d 689, 691 (Ind. Ct. App. 2009) (citing *Jones v. State*, 783 N.E.2d 1132, 1139 (Ind. 2003)). We look only to the probative evidence supporting the judgment and the reasonable inferences therein to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id*. If there is substantial evidence of probative value to support the conviction, it will not be set aside. *Id*. It is the function of the trier of fact to resolve conflicts of testimony and to determine the weight of the evidence and the credibility of the witnesses. *Rutherford v. State*, 866 N.E.2d 867, 871 (Ind. Ct. App. 2007).

[9] Miller argues that the State failed to present sufficient evidence to support his conviction for operating a vehicle with a BAC over .15 as a Class A misdemeanor. Miller does not challenge the evidence of intoxication presented at trial. The sole issue he challenges is whether the State proved that he was the driver of the vehicle at the time he was intoxicated. Miller alleges that the evidence was not sufficient to prove he was the driver of the vehicle because neither of the officers observed him operate a vehicle and Pompey's testimony was ambiguous due to evidence that she may have had a partially obstructed view.

[10] In order to convict Miller of operating a vehicle with a BAC over 0.15 as a Class A misdemeanor, the State was required to prove beyond a reasonable doubt that Miller operated a vehicle with a BAC of at least 0.15 grams of alcohol per 210 liter of his breath. Ind. Code § 9-30-5-1(b)(1)(2). A conviction may be sustained on the uncorroborated testimony of a single witness or victim. *Baltimore v. State*, 878 N.E.2d 253, 258 (Ind. Ct. App. 2007), *trans. denied*.

[11] In the present case, Pompey observed Miller drive up to a gas pump, exit out of the driver's door, and walk up to the pass-through window. After pumping gas, Miller returned to the window and argued with Pompey. She then watched him drive away from the gas station. Miller returned approximately fifteen minutes later, and Pompey again observed him driving his vehicle. When he again came to the pass-through window to argue with her, Pompey felt threatened and called the police. During these instances, several lights illuminated the area where Miller parked, and Pompey could see him through the windows of the store. At trial, she testified that she had no doubt that Miller was the one driving the vehicle. *Tr.* at 36. Pompey's testimony was sufficient to support Miller's conviction.

[12] Further, elements of offenses and identity may be established entirely by circumstantial evidence and the logical inferences drawn therefrom. *Holloway v. State*, 983 N.E.2d 1175, 1178 (Ind. Ct. App. 2013) (citing *Bustamante v. State*, 557 N.E.2d 1313, 1317 (Ind. 1990)). The evidence presented at trial established that, when Officer Streeter approached the vehicle, the driver's door was open and Miller was seated halfway in the driver's seat and halfway out of the seat

with his left foot on the ground with the engine off. Although Miller initially denied being the driver of the vehicle, he later admitted to Officer Wildauer that he had been driving. Viewing the probative evidence presented at trial and the reasonable inferences drawn from it, we conclude that the State presented sufficient evidence to support Miller's conviction. Miller's arguments amount to a request for this court to reweigh the evidence, which we cannot do on appeal. *Parahams*, 908 N.E.2d at 691.

[13] Affirmed.

Friedlander, J., and Crone, J., concur.