# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JEFFREY W. ELFTMAN**
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

**FILED**
Dec 14 2012, 9:20 am

**CLERK**
of the supreme court,
court of appeals and
tax court

## IN THE
## COURT OF APPEALS OF INDIANA

MELISSA PATTERSON,          )
                            )
    Appellant-Defendant,    )
                            )
       vs.                )    No. 34A02-1203-CR-235
                            )
STATE OF INDIANA,           )
                            )
    Appellee-Plaintiff.     )

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable William C. Menges, Judge
Cause No. 34D01-1110-CM-936
Cause No. 34D01-1111-CM-1026

**December 14, 2012**

**OPINION - FOR PUBLICATION**

**FRIEDLANDER, Judge**

Melissa Patterson was charged with two counts of aiding, inducing, or causing invasion of privacy as a class A misdemeanor, an offense set out in Ind. Code Ann. § 35-46-1-15.1(5) (West, Westlaw current through 2012 2nd Reg. Sess.). Upon interlocutory appeal, Patterson appeals from an order denying her motion to dismiss those charges, presenting the following restated issue for review: Can a protected person who is the subject of a no-contact order be criminally liable for aiding, inducing, or causing another person to violate that order?

We reverse and remand.

The relevant facts are that in August 2010, Patterson obtained a no-contact order against her fiancé, Gregory Darden, after an incident in which she was the victim of domestic battery at Darden's hands. This no-contact order was in effect at all times relevant to this appeal. On October 26, 2011, after hearing that Patterson was then living with Darden, Howard County Sheriff's Deputy Justin Markley went to Darden's residence to serve a subpoena on Patterson and her daughter. As he walked up to Darden's residence, Deputy Markley encountered Darden, who was leaving. Markley could see Patterson seated on a couch inside Darden's residence. With Darden's permission, Deputy Markley entered Darden's residence and informed Patterson about the subpoena. While he was there, he asked dispatch to check for possible warrants. He was then advised by the dispatcher about the no-contact order. Patterson told Deputy Markley that "she was just visiting" Darden and that she lived at a different address. *Appellant's Appendix* at 11. When Deputy Markley advised Darden and Patterson about the no-contact order, they claimed they thought the order

2

had been dismissed. Deputy Markley arrested Darden for violating the no-contact order, and arrested Patterson for aiding in violating the order. In connection with this incident, Patterson was charged with aiding a violation of the no-contact order under Cause Number 34D01-1101-CM-936 (CM-936).

On November 18, 2011, officers went to Darden's residence to execute arrest warrants on him. When there was no response to their knock at the front door, officers went to the back door. When they did so, they encountered Patterson attempting to sneak out the back door. Patterson insisted that no one was inside, but the officers saw Darden and several children inside the residence. Patterson attempted to leave, ignoring commands to stop, and eventually struggled with officers as they tried to restrain her. Officers entered the residence and arrested Darden. Patterson was also arrested and later charged with another count of aiding a violation of the no-contact order, false informing, and resisting arrest in Cause Number 34D01-1111-CM-1026 (CM-1026).[1]

On December 28, 2011, Patterson's trial counsel filed a motion to dismiss the charges of aiding, inducing, or causing invasion of privacy under both CM-936 and CM-1026. Following a hearing, the trial court denied Patterson's motion to dismiss. Patterson's counsel filed a motion requesting certification of the ruling on the motion to dismiss for interlocutory

---

[1] We note that under both cause numbers, the State charged that the trial court had issued the no-contact order pursuant to Ind. Code Ann. § 35-33-8-3.6 (West, Westlaw current through 2012 2nd Reg. Sess.). In fact, the trial court issued the no-contact order under I.C. § 35-33-8-3.2 (West, Westlaw current through 2012 2nd Reg. Sess.). In any event, Patterson does not assert that the charging informations were not "sufficiently specific" to apprise her of the crimes for which she was charged. *See Jones v. State*, 938 N.E.2d 1248, 1252 (Ind. Ct. App. 2010).

appeal. The trial court granted Patterson's request for certification and this Court accepted jurisdiction of Patterson's interlocutory appeal, consolidating both lower court cause numbers into the present appeal.

Patterson contends the trial court erred in denying her motion to dismiss the charges of aiding, inducing, or causing invasion of privacy. Her motion is premised upon the argument that the Indiana General Assembly did not intend for I.C. § 35-46-1-15.1 to criminalize the conduct of a protected person under the no-contact order in question. Thus, we must examine whether the prohibitions expressed in I.C. § 35-46-1-15.1 extend to a protected person under a no-contact order. When the denial of a motion to dismiss rests upon the trial court's interpretation of a statute, we review the decision *de novo* as a question of law. *Bei Bei Shuai v. State*, 966 N.E.2d 619 (Ind. Ct. App. 2012) *trans. denied*. In conducting our review, we accept as true the facts stated in the charging information. *Id*.

I.C. § 35-46-1-15.1(5), under which Patterson was charged in both CM-936 and CM-1026, states, in pertinent part: "A person who knowingly or intentionally violates … a no contact order issued as a condition of pretrial release, including release on bail or personal recognizance, or pretrial diversion, and including a no contact order issued under IC 35-33-8-3.6 … commits invasion of privacy, a Class A misdemeanor[.]" The trial court concluded that Patterson, although a protected person under the no-contact order, could be adjudged criminally complicit in Darden's violation of that order. We conclude otherwise.

Although this is a question of first impression in Indiana, the Supreme Court of Ohio has addressed the matter in *State v. Lucas*, 795 N.E.2d 642 (Ohio 2003 ). The facts there

4

were substantially similar to those here. After a protective order had been entered against Betty Lucas's ex-husband, she invited him to her home to attend a birthday party for one of the couple's children. A physical altercation ensued during which Lucas and her ex-husband sustained physical injuries. Lucas was eventually charged with, among other things, complicity to violate a protection order. She was convicted of that offense and appealed to the Ohio Court of Appeals, which affirmed. The Ohio Supreme Court, however, reversed the conviction. The court first noted that Ohio's "protection-order statutes fail to criminalize a protected party's activities in inviting or acquiescing in a violation of the statutes." *Id*. at 646. Moreover, the court noted, the Ohio General Assembly signaled its awareness that in some cases where the violation of a protective order occurred, the protected party invited the violation. In holding that a protected person may not be charged with complicity with respect to the violation of the order, the court summarized its reasoning as follows:

> The General Assembly both recognizes and addresses the potential problem of a protected party's acquiescence in the violation of a protection order. The General Assembly demonstrates its cognizance of the volatile and mercurial nature of certain interpersonal relationships and insulates protection orders from the heat and chill of shifting emotions. It removes the excuse of an invitation, a perceived invitation, or a concocted invitation from affecting the power of a protection order. The General Assembly has made the issue of an invitation entirely irrelevant as to the culpability of a respondent's violation of a protection order.

*Id.* We find the situation in the present case strikingly similar to that addressed in *Lucas*, the applicable statutes sufficiently similar, and the *Lucas* court's reasoning persuasive.

In the present case, as in *Lucas*, the defendant, Patterson, was a protected person under the protective order she is charged with violating. The Ohio statutory scheme evinces an

5

awareness that protected persons might sometimes issue invitations, the acceptance of which would constitute a violation of the protective order in question. Yet, the relevant Ohio protection-order statutory scheme does not criminalize a protected person's actions that invite or acquiesce in the violation. Neither does Indiana's. The Ohio General Assembly explicitly clarified that such would not excuse the respondent from punishment for violating the order. Indiana's General Assembly has also provided such clarification: "If a respondent is excluded from the residence of a petitioner or ordered to stay away from a petitioner, an invitation by the petitioner to do so does not waive or nullify an order for protection." Ind. Code Ann. § 34-26-5-11 (West, Westlaw current through 2012 2nd Reg. Sess.). The Indiana General Assembly has underscored this point by directing that the following language must be "printed in boldface type or in capital letters on an order for protection, a no contact order, a workplace violence restraining order, or a child protective order":

> **VIOLATION OF THIS ORDER IS PUNISHABLE BY CONFINEMENT IN JAIL, PRISON, AND/OR A FINE.**
>
> **IF SO ORDERED BY THE COURT, *THE RESPONDENT IS FORBIDDEN TO ENTER OR STAY AT THE PETITIONER'S RESIDENCE OR RESIDENCE OF ANY CHILD WHO IS THE SUBJECT OF THE ORDER, EVEN IF INVITED TO DO SO BY THE PETITIONER OR ANY OTHER PERSON.* IN NO EVENT IS THE ORDER FOR PROTECTION VOIDED.**

I.C. § 34-26-5-3 (West, Westlaw current through 2012 2nd Reg. Sess.) (emphasis supplied).

The bottom line is that our General Assembly has made it abundantly clear that it recognized the possibility that orders intended to protect persons from domestic violence are issued in settings in which the protected person might invite the subject of the order to enter

6

the forbidden zone and thus violate the order. Its failure to criminalize activity that, in two separate instances, it recognized might invite a violation of the order, must be viewed not as an omission, but as a determination that such should not be criminalized.

Finally, as a matter of public policy, we agree with the Ohio Supreme Court that "[i]f petitioners for protection orders were liable for criminal prosecution, a violator of a protection order could create a real chill on the reporting of the violation by simply threatening to claim that an illegal visit was the result of an illegal invitation." *State v. Lucas*, 795 N.E.2d at 647.

In summary, our General Assembly has determined that where a protected person invites the subject of a protective order to violate the terms of the order, such is irrelevant to the subject's guilt. As the Ohio court aptly noted, "Protection orders are about the behavior of the respondent and nothing else. How or why a respondent finds himself at the petitioner's doorstep is irrelevant. To find appellant guilty of complicity would be to criminalize an irrelevancy." *Id.* at 648. We agree and conclude that the General Assembly did not intend that the prohibitions in I.C. § 35-46-1-15.1 should be applied to a protected person under a no-contact order. The statute's prohibitions are explicitly addressed only to the actions of the restrained party. Therefore, Patterson cannot be convicted of aiding, inducing, or causing an invasion of privacy as alleged in CM-936 and CM-1026 and the trial court erred in denying her motion to dismiss those charges. We remand with instructions to do so.

Judgment reversed and remanded.

7

BROWN, J., concurs.

PYLE, J., dissents with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

MELISSA PATTERSON,                )
                                  )
    Appellant-Defendant,          )
                                  )
      vs.                      )     No. 34A02-1203-CR-235
                                  )
STATE OF INDIANA,                 )
                                  )
    Appellee-Plaintiff.           )

**PYLE, Judge, dissenting**

The majority holds that a protected person under a no-contact order issued pursuant to Indiana Code § 35-46-1-15.1 cannot be convicted of aiding, inducing, or causing another to violate that order. The opinion ably outlines the policy supporting this view. However, I believe that the plain language of the statutory regime used by our General Assembly permits the prosecution of a protected person who deliberately seeks to aid another to disobey a court order for protection. While the majority's policy position may, in fact, be consonant with the General Assembly's intent, I believe it should be left for the legislative branch to explicitly exclude the prosecution of protected persons. As a result, I would affirm the trial court's judgment.